UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GEMINI TECHNOLOGIES, INC., an Idaho corporation,<br><br>                Plaintiff,<br><br>v.<br><br>SMITH & WESSON, CORP., an Delaware Corporation; and AMERICAN OUTDOOR BRANDS CORPORATION, a Massachusetts corporation,<br><br>                Defendants. | Case No. 1:18-cv-00035-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is the Defendants' motion to dismiss the complaint on the grounds of *Forum Non Conveniens*, which doctrine was recognized by the United States Supreme Court in *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the W.D. of Tx.*, 571 U.S. 49 (2013), for the enforcement of a forum-selection clause pointing to a state or foreign forum. (Dkt. 7.) Having fully reviewed the record herein, the Court finds that the

facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion will be decided on the record before this Court without oral argument. Dist. Idaho L. Rule 7.1(d).[1] Defendants contend the Court[2] should dismiss Plaintiff's complaint based on the forum selection clause in the parties' agreement. As explained below, the Court will grant the motion.

## BACKGROUND[3]

Plaintiff Gemini Technologies, Inc. ("Gemtech") is an Idaho corporation that rose from modest beginnings in the late 1960s to an industry leader in the design and manufacture of gun silencers. Smith & Wesson is a Delaware corporation that manufactures firearms.[4] The Court has jurisdiction over the dispute under 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000.00, and the entities herein are citizens of different states.

---

[1] The hearing set for May 25, 2018, will be vacated.

[2] The parties consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

[3] The facts are taken from the complaint in this matter, and are presumed true for the purposes of this motion only.

[4] Smith & Wesson Company History, https://www.smith-wesson.com/company/history (last visited May 16, 2018). Defendant American Outdoor Brands Corp. was formerly known as Smith & Wesson Holding Corp. It is a Massachusetts corporation. The Defendants are collectively referred to herein as Smith & Wesson.

On March 9, 2017, Smith & Wesson provided a term sheet and exclusivity agreement to Gemtech for the purchase of Gemtech's products. Later, after reviewing Gemtech's financials, operations, and sales, Smith & Wesson offered to purchase all of Gemtech's assets. Gemtech accepted, and on June 29, 2017, the parties signed an Asset Purchase Agreement (the "APA"). The parties closed the asset purchase sale on August 7, 2017. Compl. Ex. A. (Dkt. 1.)

According to the terms of the APA, Smith & Wesson promised to make two different kinds of payments to Gemtech: (1) a cash payment; and (2) an earn-out payment. Also a part of the APA was a separate escrow agreement. As part of the APA, the parties agreed that some of the funds would be held in escrow until the earn-out payment was due and payable. Smith & Wesson hired Ron Martinez and Jason Pace, the majority owner and the representative in charge of Gemtech's international sales, respectively, as employees. Smith & Wesson separately entered into an employment agreement with Ron Martinez. Decl. of Martinez ¶ 7. (Dkt. 10-1 at 2.)

The Complaint alleges Smith & Wesson breached the terms of the APA and the Escrow Agreement. Specifically, Gemtech alleges that Smith & Wesson interfered with Gemtech's ability to receive earn-out payments, and that Smith & Wesson "made improper indemnity claims" under the Escrow Agreement and thus harmed Gemtech. In its third cause of action, Gemtech alleges that "[t]he APA contains both express and implied covenants of good faith and fair dealing" and that Smith & Wesson breached those covenants. Finally, Gemtech brings a claim for declaratory judgment, requesting that the Court "broadly construe the term 'negatively impact' in Section 1.6(c) of the

APA to include any decision by Smith & Wesson which reduces, neglects, hinders, or otherwise affects the company's earn-out period sales, which sales affect the earn-out payment." Gemtech requests also that the Court "broadly construe the term 'consult' in Section 1.6(c) of the APA."

The APA contains the following choice of law provision:

> 9.5 <u>Governing Law; Waiver of Jury Trial</u>. The provisions of this Agreement and the documents delivered pursuant hereto shall be governed by and construed in accordance with the laws of the state of Delaware (excluding any conflict of law rule or principle that would refer to the laws of another jurisdiction). Each party hereto irrevocably submits to the jurisdiction of the Circuit Court of the state of Delaware, in any action or proceeding arising out of or relating to this Agreement or any of the Collateral Agreements, and each party hereby irrevocably agrees that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the federal courts shall be brought in the Federal District Court for the District of Delaware….

Section 10.6 of the APA defines "Collateral Agreements" as "any or all of the exhibits to this Agreement and any and all other agreements, instruments, or documents required or expressly provided under this Agreement to be executed and delivered in connection with the transactions contemplated by this Agreement."

The Escrow Agreement is listed as Exhibit A on page "v" of the APA. The Escrow Agreement also contains a choice of law provision:

> 20. <u>Governing Law</u>. This Escrow Agreement shall be construed and interpreted in accordance with the internal laws of the state of Delaware without giving effect to the conflict of laws principles thereof.

**MEMORANDUM DECISION AND ORDER - 4**

Gemtech filed its complaint on January 24, 2018, alleging venue was proper in the District of Idaho pursuant to 28 U.S.C. § 1391.[5] Gemtech argues the forum selection clause in the APA is not enforceable under Idaho law, and the District of Idaho is the primary judicial district in which the asset purchase occurred, rendering venue proper. Smith & Wesson contends that the choice of law provision in the APA requires suit to be filed in the state circuit court in Delaware. Consequently, Smith & Wesson asserts this action must be dismissed, because a United States district court in Delaware would not have diversity jurisdiction. The parties' arguments focus on the application of the Supreme Court's 2013 decision, *Atlantic Marine Construction Co., Inc. v. U.S. Dist. Court for the W.D. of Tx.*, 571 U.S. 49 (2013).

## ANALYSIS

**1.    Atlantic Marine**

The United States Supreme Court in *Atlantic Marine* held that "a valid forum selection clause [should be] given controlling weight in all but the most exceptional circumstances." *Atlantic Marine*, 571 U.S. at 63; *see also Wada Farms, Inc. v. Jules & Assoc., Inc.*, No. 4:14-cv-00324-BLW, 2015 WL 128100, at *1 (D. Idaho Jan. 7, 2015). "When the parties have agreed to a valid forum selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Id*. The Supreme Court's analysis presupposes a contractually valid forum-selection clause. *Id*. at 62 n.5.

---

[5] 28 U.S.C. § 1391(b)(2) allows a civil action to be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Gemtech alleges the District of Idaho is where the asset purchase occurred. Smith & Wesson does not dispute that assertion.

The Supreme Court explained that the "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Id*. at 63.

In *Atlantic Marine*, the Supreme Court determined that a forum selection clause designating a district other than the district of filing as the contractually agreed upon forum may be enforced by a motion to transfer pursuant to 28 U.S.C. § 1404(a).[6] *Id.* at 52. "Only under extraordinary circumstances unrelated to the convenience of the parties should a [Section] 1404(a) motion be denied." *Id.* at 62.

Typically, a district court considering a Section 1404(a) motion "evaluate[s] both the convenience of the parties and various public-interest considerations" and "weigh[s] the relevant factors and decide[s] whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice." *Id.*; 28 U.S.C. § 1404(a). However, the presence of a forum selection clause alters the Section 1404(a) analysis in three ways. *Id.* at 64; *see also Wada Farms, Inc*., 2015 WL 128100, at *1.

---

[6] 28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

"First, the plaintiff's choice of forum merits no weight." *Id*. "Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id*.

"Second, a court evaluating a defendant's [Section] 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests," such as convenience. *Id*. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id*. "A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id*. And, "[a]s a consequence, a district court may consider arguments about public interest factors only." *Id*.

Third and finally, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a [Section] 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id*.

Although the Supreme Court in *Atlantic Marine* enforced the forum selection clause and transferred the matter to another federal forum pursuant to 28 U.S.C. § 1404(a), the Court commented extensively regarding what a district court should do when the forum selection clause specifies a state or foreign tribunal. *Id*. at 60. In such circumstances, 28 U.S.C. § 1404(a) would not apply, because the statute permits transfer only among federal district courts. The Supreme Court stated:

**MEMORANDUM DECISION AND ORDER - 7**

> the appropriate way to enforce a forum-selection clause
> pointing to a state or foreign forum is through the doctrine of
> *forum non conveniens*. Section 1404(a) is merely a
> codification of the doctrine of *forum non conveniens* for the
> subset of cases in which the transferee forum is within the
> federal court system; in such cases, Congress has replaced the
> traditional remedy of outright dismissal with transfer.

*Id.* at 60. Accordingly, "because both § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Id.* at 61.

The United States Court of Appeals for the Ninth Circuit, as well as district courts within the Ninth Circuit, have acknowledged the applicability of *Atlantic Marine* in cases involving a forum selection clause specifying a state or foreign tribunal. *See, e.g., In re Orange, S.A.*, 818 F.3d 956, 961 (9th Cir. 2016) (acknowledging applicability of *Atlantic Marine* to a case involving a motion to dismiss on *forum non conveniens* grounds where the forum selection clause identified Paris, France as the appropriate forum); *Adema Techs. Inc. v. Wacker Chemie AG*, No. 13-CV-05599-BLF, 2014 WL 3615799, at *2 (N.D. Cal. July 22, 2014) ("[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*," and applying *Atlantic Marine*); *Jenssen v. Total Quality Logistics, LLC*, No. 3:16-CV-01982-SB, 2017 WL 1752966, at *2 (D. Or. Mar. 24, 2017), report and recommendation adopted, No. 3:16-CV-01982-SB, 2017 WL 1788658 (D. Or. May 4, 2017) (applying *Atlantic Marine* and dismissing the case in deference to the parties' agreed-upon forum).

## 2. Disposition

Gemtech asserts four arguments in opposition to Smith & Wesson's motion. First, Gemtech contends that the Court must consider the validity of the forum selection clause. Second, and related to the first argument, Gemtech argues the application of *Atlantic Marine* ignores Idaho's public policy against enforcement of such clauses, and advocates that *Atlantic Marine* does not apply here. *See* Idaho Code § 29-110(1). Third, Gemtech asserts the forum selection clause, if valid, is permissive, and not mandatory, such that it need not be enforced by the Court. And finally, Gemtech argues Smith & Wesson has not provided evidence that the APA forum selection clause was specifically bargained for between the parties, constituting an "exceptional circumstance" against its enforcement.

### A. *Validity and Idaho's Public Policy*

Gemtech's first two arguments are closely related. First, relying upon the footnote in *Atlantic Marine* that indicates the Supreme Court presumed the validity of the forum selection clause at issue, Gemtech asserts this Court must follow a two-step approach to analyzing such clauses. First, Gemtech argues, the clause must be "valid." Next, Gemtech contends the clause is not valid because enforcement of the clause would contravene the strong public policy of the state of Idaho under Idaho Code § 29-110(1).[7] Gemtech cites to several cases from other jurisdictions in support of its argument.

---

[7] Idaho Code § 29-110(1) states that "[e]very stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract in Idaho tribunals, or which limits the time within which he may thus enforce his rights, is void as it is against the public policy of Idaho."

There is some merit to Gemtech's suggestion that the Court must consider first the validity of the clause. In *Vincent Farms. Inc. v. Sygenta Seeds, LLC*, No. 1:17-cv-338-EJL-CWD, 2018 WL 264388 (D. Idaho Jan. 2, 2018), the Court addressed the plaintiff's argument that the forum selection clause was not legally binding. However, the presiding district judge was not persuaded by the plaintiff's arguments, and concluded that the two documents executed by the parties (only one of which had a forum selection clause) formed the entirety of the written agreement between them. The Court rejected the plaintiff's arguments that the documents were not related and were not appropriately executed. 2018 WL 264388 at *4. The Court determined the forum selection clause governed the dispute, applied *Atlantic Marine*, and transferred the case to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1404(a). *Id*. at 4-7.

Similarly, in *Corizon Health, Inc. v. CorrecTek, Inc*., No. 1-16-CV-00120-EJL-CWD, 2016 WL 9345123, at *1 (D. Idaho Nov. 28, 2016), report and recommendation adopted, No. 1-16-CV-00120-EJL-CWD, 2017 WL 3091456 (D. Idaho Feb. 3, 2017), the Court in its report and recommendation considered first the validity of a forum selection clause. There, the Court began with the premise that a "forum selection clause is presumptively valid; the party seeking to avoid enforcement of a forum selection clause bears a 'heavy burden' to establish a ground upon which the Court will conclude the clause is unenforceable or that the clause was invalid for such reasons as fraud or over-reaching." 2016 WL 9345123 at *3. The Court concluded the plaintiff had not alleged fraud, duress, misrepresentation, or other misconduct regarding the forum selection

clause itself. *Id.* Accordingly, the Court found that there was no indication that the forum selection clause was invalid under general contract law, and continued to analyze the question of venue according to the dictates in *Atlantic Marine*. *Id.*

Here, just as in *Corizon*, neither Gemtech's complaint nor its opposition to the motion to change venue contain any allegations of fraud, duress, misrepresentation or other misconduct with regard to Smith & Wesson and the forum selection clause itself. Rather, it appears the misconduct complained of goes to the heart of Gemtech's breach of contract claim. Put another way, the misconduct constitutes the claim for breach of contract, and Gemtech seeks to enforce the terms of the APA. There are no allegations in the complaint that the formation of the contract was anything other than above board. In addition, the Complaint describes Gemtech as a sophisticated company with sales both in domestic and foreign gun markets. And, the APA contains an acknowledgment that both parties were represented by attorneys in connection with the preparation and execution of the agreement. APA § 9.11(b). (Dkt. 1 at 57.)

Given there is no indication the forum selection clause itself or the APA is invalid under general contract law, the Court continues its analysis under *Atlantic Marine*. *Corizon*, 2016 WL 9345123 at *3. Gemtech advocates that the Court abandon *Atlantic Marine* in favor of utilizing the analysis under *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1 (1972), which engaged in a public policy analysis. However, the Court rejected an identical argument in *Corizon*.

In *Corizon*, the Court noted that the United States Supreme Court in *Bremen* recognized two circumstances in which enforcement of a forum selection clause can be

**MEMORANDUM DECISION AND ORDER - 11**

considered unreasonable. *Corizon*, 2016 WL 9345123, at *3. First, "[a] contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought." *Id.* (citing *Bremen*, 92 S.Ct. at 1916). Second, "Courts have also suggested that a forum clause even though it is freely bargained for and contravenes no important public policy for the forum, may nevertheless be 'unreasonable' and unenforceable if the chosen forum is seriously inconvenient for the trial of the action." *Id.* (citing *Bremen*, 92 S.Ct. at 1916).

Just as in *Corizon*, Gemtech argues that Idaho's strong public policy against forum selection clauses renders the current forum selection clause in the APA unenforceable. But the Court in *Corizon* explained that *Atlantic Marine* directs the Court to place "controlling weight on the forum selection clause," and places the burden on Gemtech to produce "extraordinary circumstances unrelated to the convenience of the parties" to ignore the forum selection clause." *Id.* at *4 (quoting *Atlantic Marine*, 134 S.Ct. at 581). Gemtech "must point to something more than just the statute itself to warrant ignoring the forum selection clause, because, '[i]f Idaho Code § 29–110(1) was determinative, striking down the forum selection clause would be *routine* rather than extraordinary, standing *Atlantic Marine* on its head.'" *Id*. (quoting *Wada Farms*, 2015 WL 128100, at *2). Thus, to the extent Gemtech argues for a return to the state of the law prior to *Atlantic Marine*, the Court finds the argument unpersuasive, as rejected in *Corizon* as well.[8]

---

[8] Gemtech cites Sorensen, Matthew J., ENFORCEMENT OF FORUM-SELECTION CLAUSES IN FEDERAL COURT AFTER ATLANTIC MARINE, 82 Fordham L. Rev. 2521, 2553 (2014); J*ones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000), *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S. Ct. 1907 (1972), and *Brandt v. ComTrust, Inc*, No. CV06-166-S-EJL, 2006 U.S. Dist.

Gemtech points to nothing more than the existence of Idaho Code § 29-110(1) in support of its argument. In light of the controlling case law and the decisions of this Court following the same, the Court rejects Gemtech's argument that Idaho's public policy against forum selection clauses, without more, is sufficient to invalidate the clause here.

B.     *The Forum Selection Clause is Mandatory*

Gemtech argues that the language of the forum selection clause is permissive, not mandatory, because the language indicating that "each party hereto irrevocably submits to the jurisdiction of the Circuit Court of the state of Deleware" is not exclusive. Gemtech argues the language indicates Delaware is but one jurisdiction, but not the only one. A permissive clause allows suit to be brought in a particular forum, but does not preclude litigation elsewhere. A mandatory clause, by contrast, "clearly require[s] exclusive jurisdiction." *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987).

---

LEXIS 52246, at *4-7 (D. Idaho July 28, 2006), in support of its argument that the Court should abandon the analysis in *Atlantic Marine*. However, the cases cited were all prior to the Supreme Court's decision in *Atlantic Marine*, and since then, this Court has followed the reasoning in *Atlantic Marine* on no less than five occasions. In all five instances, the Court has followed *Atlantic Marine*, and held that Idaho Code § 29-110 did not bar enforcement of a forum selection clause. *See Oregon-Idaho Utils., Inc. v. Skitter Cable TV, Inc.*, No. 1:16-cv-00228-EJL, 2017 WL 3446290 at *7 (D. Idaho Aug. 10, 2017) (Lodge, J.); *Corizon Health, Inc. v. CorrecTek, Inc.*, No. 1:16-cv-00120-EJL-CWD, 2016 WL 9345123 at *4 (D. Idaho Nov. 28, 2016) (Dale, J.); *Corizon Health, Inc. v. CorrecTek, Inc.*, No. 1:16-cv-00120- EJL-CWD, 2017 WL 3091456 at *3–4 (D. Idaho Feb. 3, 2017) (Lodge, J.) (adopting Judge Dale's Report & Recommendation); *Idaho Pacific Corp. v. Binex Line Corp.*, No. 4:15-cv- 00510-CWD, 2016 WL 843254 at *9–10 (D. Idaho Mar. 1, 2016) (Dale, J.); *Wada Farms, Inc. v. Jules & Assocs., Inc.*, No. 4:14-cv-00324-BLW, 2015 WL 28100 at *2 (D. Idaho Jan. 7, 2015) (Winmill, J.).

**MEMORANDUM DECISION AND ORDER - 13**

A fair reading of the entire clause indicates it is mandatory. The parties agreed that the laws of Delaware govern the provisions of the APA, and that the parties submit to the jurisdiction of the Circuit Court of the state of Delaware "in any action or proceeding arising out of or relating to this Agreement or any of the collateral agreements," and each party agreed that all claims arising out of the same must be brought there. The language clearly and unambiguously manifests that the state courts of Delaware would be the exclusive forum for a case arising out of the APA and the related Escrow Agreement. There are no conflicting provisions in either the APA or the Escrow Agreement. The clause does more than simply state that Delaware has jurisdiction. Rather, by indicating that "any action," and "all claims," must be brought in the state court of Delaware, it requires the parties to perform all of their actions under the jurisdiction of the state of Delaware.

Gemtech's reference to an unrelated employment agreement between Ronald Martinez, the CEO of Gemtech, and Smith & Wesson, which contains a forum selection clause designating Connecticut or Florida as the mandatory forums, is of no moment. The Court is not asked to enforce Mr. Martinez's employment agreement, or the forum selection clause therein. Nor was the employment agreement incorporated into the APA.

The Court therefore finds the clause is mandatory.

C. *There Are No Exceptional Circumstances*

Gemtech argues Smith & Wesson fails to provide evidence that the APA's forum selection clause was specifically bargained for between the parties, constituting an "exceptional circumstance" against enforcement. Gemtech cites to *Binex Line*, which

**MEMORANDUM DECISION AND ORDER - 14**

reasoned that "an underlying policy in favor of upholding forum selection clauses, and present in a majority of the cases and authorities provided by the parties, stresses the importance of upholding forum selection clauses which were bargained for by the parties." *Idaho Pac. Corp. v. Binex Line Corp.*, No. 4:15-CV-00510-CWD, 2016 WL 843254, at *11 (D. Idaho Mar. 1, 2016). There, the Court declined to enforce a forum selection clause, finding exceptional reasons existed to preclude its enforcement because Idaho Pacific was not a party to the agreement containing the forum selection clause. *Id.*

The first flaw with Gemtech's argument is that it inverts the burden of proof. Under *Atlantic Marine*, it is the party defying the forum selection clause that bears the burden of establishing the transfer to the bargained-for forum is unwarranted. 571 U.S. at 63. Gemtech has not met that burden. As mentioned above, the Complaint describes Gemtech as a sophisticated company with both domestic and international sales. And both parties acknowledged they were represented by counsel during the negotiation and drafting of the APA.

In contrast, Idaho Pacific was not a party to the bill of lading governing the return shipment of the cargo from Korea to Idaho. *Binex Line*, 2016 WL 843254 at *10. The Court found the lack of evidence of bargaining between Binex Line and Idaho Pacific for the forum selection clause, or for any of the other terms contained in the bill of lading, dispositive of the venue motion. *Id.* at *11. Capitalizing on that language, Gemtech argues there was no specific negotiation between the parties here concerning the forum selection clause, contending *Binex Line* supports the proposition that there must be evidence the parties bargained for the forum selection clause itself. The Court declines to

**MEMORANDUM DECISION AND ORDER - 15**

extend the holding of *Binex Line* in the manner Gemtech suggests. The Court premised its holding in *Binex Line* on the fact that Idaho Pacific was not a party to the bill of lading governing the transit of the goods. The parties here, however, engaged in extensive negotiations, with counsel, and both are signatories to the APA.

Accordingly, the Court finds there are no exceptional circumstances precluding enforcement of the forum selection clause in the APA.[9]

## CONCLUSION

Gemtech has failed to overcome the presumption in favor of enforcing the forum selection clause. Consequently, the Court will grant the motion to dismiss.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendant's Motion to Dismiss (Dkt. 7) is **GRANTED** without prejudice.

2) The hearing currently scheduled for May 27, 2018, is **VACATED**.

DATED: May 16, 2018

Honorable Candy W. Dale
United States Magistrate Judge

---

[9] Because the above analysis under *Atlantic Marine* is dispositive, the Court does not address Gemtech's alternative argument under a traditional *forum non conveniens* analysis, which weighs various private interest factors. Such an analysis is not relevant here under *Atlantic Marine*.