B. Newal Squyres (ISB #1621)
nsquyres@hollandhart.com
Stefan J. Hasselblad (ISB #11132)
sjhasselblad@hollandhart.com
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-5974
Telephone:  208.342.5000
Facsimile:   208.343.8869

Attorneys for Defendants and Counterclaimant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GEMINI TECHNOLOGIES, Incorporated, an Idaho corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>SMITH & WESSON, CORP., a Delaware corporation, and AMERICAN OUTDOOR BRANDS CORPORATION, a Nevada corporation,<br><br>    Defendants. | Case No. 1:18-CV-00035-CWD<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |
| SMITH & WESSON CORP., a Delaware corporation,<br><br>    Counterclaimant,<br><br>vs.<br><br>GEMINI TECHNOLOGIES, Incorporated, an Idaho corporation; RONALD J. MARTINEZ, an individual; and PHILIP H. DATER, an individual,<br><br>    Counterdefendants. | |

ANSWER TO FIRST AMENDED COMPLAINT - 1

## ANSWER

Defendants Smith & Wesson Corp. (n/k/a Smith & Wesson Sales Company) and American Outdoor Brands Corporation (n/k/a Smith & Wesson Brands, Inc.)  (collectively "Smith & Wesson"), by and through their attorneys of record, Holland & Hart LLP, admit, deny, and state as follows in response to the First Amended Complaint filed by Plaintiff Gemini Technologies, Incorporated ("Gemtech") on September 30, 2020:

### INTRODUCTION

1.      Smith & Wesson denies the allegations of Paragraph 1 of the First Amended Complaint.

### PARTIES, VENUE, JURISDICTION

2.      Smith & Wesson admits the allegation of Paragraph 2 of the First Amended Complaint that Gemtech is an Idaho corporation.  Smith & Wesson denies the remaining allegations of Paragraph 2 of the First Amended Complaint because they conflict with the information Gemtech submitted to the Idaho Secretary of State's Office.

3.      Smith & Wesson denies the allegations of Paragraph 3 of the First Amended Complaint.  Smith & Wesson Corp. is now known as Smith & Wesson Sales Company, a Delaware corporation with its principle place of business at 2100 Roosevelt Avenue, Springfield, Massachusetts, 01104.

4.      Smith & Wesson denies the allegations of Paragraph 4 of the First Amended Complaint.  American Outdoor Brands Corporation is now known as Smith & Wesson Brands, Inc., a Nevada corporation with its principle place of business at 2100 Roosevelt Avenue, Springfield, Massachusetts, 01104.

5.      Smith & Wesson admits the allegation of Paragraph 5 of the First Amended Complaint that Smith & Wesson Corp. and American Outdoor Brands Corporation are

ANSWER TO FIRST AMENDED COMPLAINT - 2

collectively referred to as "Smith & Wesson" throughout the First Amended Complaint. Smith & Wesson denies the remaining allegations of Paragraph 5 of the First Amended Complaint.

6.      Smith & Wesson admits the allegations of Paragraph 6 of the First Amended Complaint.

7.      Smith & Wesson admits the allegations of Paragraph 7 of the First Amended Complaint in light of the U.S. Court of Appeals for the Ninth Circuit's ruling in *Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911 (2019), though Smith & Wesson reserves the right to challenge venue if the U.S. Supreme Court abrogates that ruling.

## STATEMENT OF FACTS

8.      Smith & Wesson denies the allegations of Paragraph 8 of the First Amended Complaint. Although Smith & Wesson admits that Smith & Wesson Corp.'s Gemtech business unit is an industry leader in the design and manufacture of firearm suppressors and that Gemtech-branded equipment is in use by all branches of the U.S. military and many other end users, Smith & Wesson denies the allegations of Paragraph 8 of the First Amended Complaint because they suggest that the Plaintiff in this lawsuit — Gemini Technologies, Incorporated — still designs and manufactures firearm suppressors and is otherwise active in that industry. To the best of Smith & Wesson's knowledge, Gemini Technologies, Incorporated currently has no business or manufacturing operations.

9.      Smith & Wesson lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 9 of the First Amended Complaint and therefore denies them.

10.        Smith & Wesson lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 10 of the First Amended Complaint and therefore denies them

11.        Smith & Wesson admits the allegations of Paragraph 11 of the First Amended Complaint.

12.        Smith & Wesson lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 12 of the First Amended Complaint and therefore denies them.

13.        Smith & Wesson denies the allegations of Paragraph 13 of the First Amended Complaint.

14.        Smith & Wesson admits the allegation of Paragraph 14 of the First Amended Complaint that Martinez hired Jason Pace and former U.S. military personnel.  Smith & Wesson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 14 and therefore denies them.

15.        Smith & Wesson lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 15 of the First Amended Complaint and therefore denies them.

16.        Smith & Wesson admits the allegations of Paragraph 16 of the First Amended Complaint to the extent that "Smith & Wesson" refers only to Smith & Wesson Corp. in this context.  Smith & Wesson denies the allegations of Paragraph 16 to the extent American Outdoor Brands Corporation also is included within the definition of "Smith & Wesson" in this context.

17.        Smith & Wesson admits the allegation of Paragraph 17 of the First Amended Complaint that Smith & Wesson Corp. offered to purchase all Gemtech's company assets but

denies that American Outdoor Brands Corporation offered to purchase all Gemtech's company assets. Smith & Wesson denies the remaining allegations of Paragraph 17 of the First Amended Complaint.

18.    Smith & Wesson admits the allegations of Paragraph 18 of the First Amended Complaint but denies any implication that American Outdoor Brands Corporation signed the APA.

19.    Smith & Wesson admits the allegations of Paragraph 19 of the First Amended Complaint.

20.    Smith & Wesson admits the allegations of Paragraph 20 of the First Amended Complaint that Smith & Wesson promised a cash payment to Gemtech, and admits that it promised an earn-out payment to Gemtech should the conditions of APA Section 1.6 be met, to the extent that "Smith & Wesson" refers only to Smith & Wesson Corp. in this context, but denies those allegations to the extent that American Outdoor Brands Corporation also is included within the definition of "Smith & Wesson" in this context.

21.    Smith & Wesson admits the allegations of Paragraph 21 of the First Amended Complaint to the extent that "Smith & Wesson" refers only to Smith & Wesson Corp. in this context. Smith & Wesson denies the allegations of Paragraph 21 to the extent American Outdoor Brands Corporation also is included within the definition of "Smith & Wesson" in this context.

22.    Smith & Wesson admits the allegations of Paragraph 22 of the First Amended Complaint to the extent that "Smith & Wesson" refers only to Smith & Wesson Corp. in this context. Smith & Wesson denies the allegations of Paragraph 22 to the extent American Outdoor Brands Corporation also is included within the definition of "Smith & Wesson" in this context.

23.     Smith & Wesson admits the allegations of Paragraph 23 of the First Amended Complaint to the extent that "Smith & Wesson" refers only to Smith & Wesson Corp. in this context.  Smith & Wesson denies the allegations of Paragraph 23 to the extent American Outdoor Brands Corporation also is included within the definition of "Smith & Wesson" in this context.

24.     Smith & Wesson admits the allegations of Paragraph 24 of the First Amended Complaint that Smith & Wesson agreed to make an earn-out payment to Gemtech subject to the conditions set out in Section 1.6 of the APA and the definitions set out in Section 10.4 of the APA, to the extent that "Smith & Wesson" refers only to Smith & Wesson Corp. in this context.  Smith & Wesson denies the allegations of Paragraph 24 to the extent American Outdoor Brands Corporation also is included within the definition of "Smith & Wesson" in this context.  Smith denies the remaining allegations in this paragraph because they imprecisely summarize the terms of the agreement between Smith & Wesson Corp. and Gemtech.

25.     Smith & Wesson admits the allegations of Paragraph 25 of the First Amended Complaint.

26.     Smith & Wesson admits the allegations of Paragraph 26 of the First Amended Complaint.

27.     Smith & Wesson admits the allegations of Paragraph 27 of the First Amended Complaint.

28.     Smith & Wesson admits the allegations of Paragraph 28 of the First Amended Complaint to the extent that "Smith & Wesson" refers only to Smith & Wesson Corp. in this context.  Smith & Wesson denies the allegations of Paragraph 28 to the extent American Outdoor Brands Corporation also is included within the definition of "Smith & Wesson" in this context.

29.      Smith & Wesson denies the allegations of Paragraph 29 of the First Amended Complaint because they imprecisely summarize the relevant contractual language.  Smith & Wesson admits only that the relevant portion of Section 1.6(c) of the Asset Purchase Agreement ("APA") states:  "Buyer shall not, directly or indirectly, take any actions in bad faith that would have the specific purpose of avoiding or reducing the Earn-Out Payment hereunder. In addition, Buyer agrees to consult with Ronald J. Martinez in advance of any decision made relating to the operation of the Business only if Buyer has knowledge that such decision will negatively impact the Earn-Out Payment."

30.      Smith & Wesson lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 30 of the First Amended Complaint and therefore denies them.

31.      Smith & Wesson lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 31 of the First Amended Complaint and therefore denies them.

32.      Smith & Wesson admits the allegations of Paragraph 32 of the First Amended Complaint, except that Smith & Wesson denies the allegation that "Jason Pace was considered a key asset" to the extent Gemtech is attempting to allege that Smith & Wesson considered Jason Pace "a key asset."  Smith & Wesson also denies the allegations of Paragraph 32 to the extent American Outdoor Brands Corporation is included within the definition of "Smith & Wesson" in this context.

33.      Smith & Wesson denies the allegations of Paragraph 33 of the First Amended Complaint.

34.      Smith & Wesson admits the allegations of Paragraph 34 of the First Amended Complaint.

35.      Smith & Wesson admits the allegations of Paragraph 35 of the First Amended Complaint.

36.      Smith & Wesson denies the allegations of Paragraph 36 of the First Amended Complaint.

a.      Smith & Wesson admits the allegations in Paragraph 36a of the First Amended Complaint that Smith & Wesson made the following promises to Martinez in section Section 1.6(c) of the Asset Purchase Agreement ("APA"):  "Buyer shall not, directly or indirectly, take any actions in bad faith that would have the specific purpose of avoiding or reducing the Earn-Out Payment hereunder. In addition, Buyer agrees to consult with Ronald J. Martinez in advance of any decision made relating to the operation of the Business only if Buyer has knowledge that such decision will negatively impact the Earn-Out Payment."  Smith & Wesson denies the allegations in Paragraph 36a that Smith & Wesson made false and misleading statements to Gemtech regarding the earn out payment and that Smith & Wesson took actions in bad faith which negatively impacted the earn out payment. Smith & Wesson lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 36a that Smith & Wesson's representations were material to Gemtech entering the APA and that Gemtech would not have entered the APA had it known about Smith & Wesson's alleged intention to act in bad faith, and therefore Smith & Wesson denies those allegations.  Smith & Wesson further denies all of the allegations in Paragraph 36a to the extent American Outdoor Brands Corporation also is included within the definition of "Smith & Wesson" in this context.

b.       Smith & Wesson admits the allegations in Paragraph 36b of the First Amended Complaint that Martinez's employment agreement states that the future "territory" for the sale of Gemtech products would include "any other country in the world where [Smith & Wesson] conducted business," and that "during the term of [Martinez's] employment…[it was Smith & Wesson's] and [Martinez's] intent to expand the Company's international operations." Smith & Wesson denies the allegations of Paragraph 36b that Smith & Wesson made false and misleading representations regarding Smith & Wesson's international sales intentions, and that Smith & Wesson canceled all Gemtech's pending international sales opportunities and terminated Martinez without cause.  Smith & Wesson lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 36b that Smith & Wesson's representations were material to Gemtech entering the APA and that Gemtech would not have entered the APA had it known about Smith & Wesson's alleged intention to cancel or forego its international sales and terminate Martinez's employment, and therefore denies those allegations. Smith & Wesson further denies all of the allegations in Paragraph 36b to the extent American Outdoor Brands Corporation also is included within the definition of "Smith & Wesson" in this context.

c.       Smith & Wesson admits the allegations in Paragraph 36c of the First Amended Complaint that its website stated that it intended to keep Gemtech's "talent, brand, sales & marketing, development, operations, and management" in place after the close of the APA sale, but denies any allegation or implication that that these statements were false or misleading.  Smith & Wesson denies the allegations of Paragraph 36c that it terminated Martinez and other Gemtech employees without cause. Smith & Wesson lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 36c that Smith &

ANSWER TO FIRST AMENDED COMPLAINT - 9

Wesson's representations were material to Gemtech entering the APA and that Gemtech would not have entered the APA had it known about Smith & Wesson's alleged intention to fire the majority of Gemtech employees, and therefore denies those allegations. Smith & Wesson further denies all of the allegations in Paragraph 36c to the extent American Outdoor Brands Corporation also is included within the definition of "Smith & Wesson" in this context.

    d.  Smith & Wesson denies the allegations of Paragraph 36d of the First Amended Complaint that prior to the signing of the APA, Smith & Wesson did not tell Gemtech that it had been subject to a Securities and Exchange Commission proceeding and had been charged with international sales bribery, or that a business and ethics committee was required to approve future Smith & Wesson international sales orders. Smith & Wesson lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 36d that Smith & Wesson's representations were material to Gemtech entering the APA and that Gemtech would not have entered the APA had it known about Smith & Wesson's alleged international bribery charges and limitations in conducting future international sales, and therefore denies those allegations. Smith & Wesson further denies all of the allegations in Paragraph 36d to the extent American Outdoor Brands Corporation also is included within the definition of "Smith & Wesson" in this context.

    e.  Smith & Wesson admits the allegations of Paragraph 36e of the First Amended Complaint that prior to and after the signing of the APA, Smith & Wesson did not tell Gemtech that it would terminate nearly all of Gemtech's employees or transfer Gemtech's operations to Massachusetts, but denies any allegation or implication that Smith & Wesson intended to take such actions prior to the signing of the APA. Smith & Wesson lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 36e that

ANSWER TO FIRST AMENDED COMPLAINT - 10

Smith & Wesson's representations were material to Gemtech entering the APA and that

Gemtech would not have entered the APA had it known about Smith & Wesson's alleged

intention to transfer Gemtech operations and stop Gemtech production, and therefore denies

those allegations. Smith & Wesson further denies all of the allegations in Paragraph 36e to the

extent American Outdoor Brands Corporation also is included within the definition of "Smith &

Wesson" in this context.

f.      Smith & Wesson admits the allegations of Paragraph 36f of the First

Amended Complaint that prior to and after signing the APA Smith & Wesson did not tell

Gemtech that it would not form any new domestic or international partnerships for the sale of

Gemtech products, or that that it would discontinue existing partnerships, but denies any

allegation or implication that prior to signing the APA Smith & Wesson intended to not form

new partnership or discontinue existing partnerships.  Smith & Wesson lacks knowledge or

information sufficient to form a belief about the truth of the allegations of Paragraph 36f that

Smith & Wesson's representations were material to Gemtech entering the APA and that

Gemtech would not have entered the APA had it known about Smith & Wesson's alleged

intention to not form new partnerships and discontinue existing partnerships, and therefore

denies those allegations. Smith & Wesson further denies all of the allegations in Paragraph 36f to

the extent American Outdoor Brands Corporation also is included within the definition of "Smith

& Wesson" in this context.

g.      Smith & Wesson admits the allegations of Paragraph 36g of the First

Amended Complaint that prior to and after signing the APA Smith & Wesson did not tell

Gemtech that it would stop further Gemtech product development and marketing, but denies any

allegation or implication that prior to or after signing the APA, Smith & Wesson intended to stop

further Gemtech product development and marketing.  Smith & Wesson lacks knowledge or

information sufficient to form a belief about the truth of the allegations of Paragraph 36g that

Smith & Wesson's representations were material to Gemtech entering the APA and that

Gemtech would not have entered the APA had it known about Smith & Wesson's alleged

intention to stop further Gemtech product development and marketing, and therefore denies

those allegations. Smith & Wesson further denies all of the allegations in Paragraph 36g to the

extent American Outdoor Brands Corporation also is included within the definition of "Smith &

Wesson" in this context.

37.    Smith & Wesson denies the allegations of Paragraph 37 of the First Amended

Complaint.

a.    Smith & Wesson denies the allegations of Paragraph 37a of the First

Amended Complaint.

b.    Smith & Wesson denies the allegations of Paragraph 37b of the First

Amended Complaint.

c.    Smith & Wesson denies the allegations of Paragraph 37c of the First

Amended Complaint.

d.    Smith & Wesson denies the allegations of Paragraph 37d of the First

Amended Complaint.

38.    Smith & Wesson lacks knowledge or information sufficient to form a belief

about the truth of the allegations of Paragraph 38 of the First Amended Complaint and therefore

denies them.

39.    Smith & Wesson denies the allegations of Paragraph 39 of the First Amended

Complaint.

40.     Smith & Wesson lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 40 of the First Amended Complaint and therefore denies them.

41.     Smith & Wesson denies the allegations of Paragraph 41 of the First Amended Complaint.

42.     Smith & Wesson admits the allegation of Paragraph 42 of the First Amended Complaint that Martinez presented his plan to Smith & Wesson executives on or about August 30, 2017.  Smith & Wesson denies the remaining allegations of Paragraph 42 of the First Amended Complaint.

43.     Smith & Wesson denies the allegations of Paragraph 43 of the First Amended Complaint.

44.     Smith & Wesson admits the allegations of Paragraph 44 of the First Amended Complaint that Smith & Wesson Corp. terminated Martinez's employment after the August 2017 presentation without consulting Martinez about whether to terminate him.  Smith & Wesson denies the remaining allegations of Paragraph 44 of the First Amended Complaint.

45.     Smith & Wesson denies the allegations of Paragraph 45 of the First Amended Complaint.

46.     Smith & Wesson admits the allegations of Paragraph 46 of the First Amended Complaint to the extent that "Smith & Wesson" refers only to Smith & Wesson Corp. in this context.  Smith & Wesson denies the allegations of Paragraph 46 to the extent American Outdoor Brands Corporation also is included within the definition of "Smith & Wesson" in this context.

47.     Smith & Wesson admits the allegation of Paragraph 47 of the First Amended Complaint that Smith & Wesson Corp. did not consult Martinez about whether to terminate

ANSWER TO FIRST AMENDED COMPLAINT - 13

Martinez and Pace prior to terminating their employment.  Smith & Wesson denies the

remaining allegations of Paragraph 47 of the First Amended Complaint.

48.     Smith & Wesson admits the allegations of Paragraph 48 of the First Amended

Complaint that Smith & Wesson and Gemtech entered into an escrow agreement to hold a

portion of the funds in escrow with Washington Trust Bank to the extent that "Smith & Wesson"

refers only to Smith & Wesson Corp. in this context.  Smith & Wesson denies those allegations

to the extent American Outdoor Brands Corporation also is included within the definition of

"Smith & Wesson" in this context. Smith & Wesson lacks knowledge or information sufficient

to form a belief about the truth of the allegations of Paragraph 48 that Gemtech deferred a large

amount of the purchase price to be paid in January 2018 for federal tax purposes, and therefore

denies those allegations.

49.     Smith & Wesson admits the allegations of Paragraph 49 of the First Amended

Complaint.

50.     Smith & Wesson admits the allegations of Paragraph 50 of the First Amended

Complaint to the extent that "Smith & Wesson" refers only to Smith & Wesson Corp. in this

context.  Smith & Wesson denies the allegations of Paragraph 50 to the extent American Outdoor

Brands Corporation also is included within the definition of "Smith & Wesson" in this context.

51.     Smith & Wesson admits the allegations of Paragraph 51 of the First Amended

Complaint.

52.     Smith & Wesson denies the allegations of Paragraph 52 of the First Amended

Complaint.

53.     Smith & Wesson denies the allegations of Paragraph 53 of the First Amended

Complaint.

54.      Smith & Wesson denies the allegations of Paragraph 54 of the First Amended Complaint.

55.      Smith & Wesson admits the allegation of Paragraph 55 of the First Amended Complaint that Washington Trust Bank released $3,160,000 in funds to Gemtech in January 2018.  Smith & Wesson denies the remaining allegations of Paragraph 55 of the First Amended Complaint.

56.      Smith & Wesson denies the allegations of Paragraph 56 of the First Amended Complaint.

57.      Smith & Wesson admits the allegations of Paragraph 57 of the First Amended Complaint to the extent that "Smith & Wesson" refers only to Smith & Wesson Corp. in this context.  Smith & Wesson denies the allegations of Paragraph 57 to the extent American Outdoor Brands Corporation also is included within the definition of "Smith & Wesson" in this context.

58.      Smith & Wesson admits the allegations of Paragraph 58 of the First Amended Complaint that Section 1.2(c) of the APA required Smith & Wesson Corp. to send Gemtech the aggregate amount of accounts receivable set forth in Schedule 1.2(c) that were collected prior to January 2, 2018.  Smith & Wesson denies the allegations of Paragraph 58 to the extent American Outdoor Brands Corporation also is included within the definition of "Smith & Wesson" in this context.

59.      Smith & Wesson denies the allegations of Paragraph 59 of the First Amended Complaint.

60.      Smith & Wesson admits the allegation of Paragraph 60 of the First Amended Complaint that, in January 2018, Smith & Wesson sent to Gemtech a letter explaining that it had collected only $47,039.75 of Gemtech's receivables and would forward that amount to Gemtech.

Smith & Wesson denies the remaining allegations of Paragraph 60 of the First Amended

Complaint.

## COUNT 1
## BREACH OF THE ASSET PURCHASE AGREEMENT

61.     Smith & Wesson incorporates by reference each of the above Paragraphs of this

Answer as though fully stated herein.

62.     Smith & Wesson denies the allegations of Paragraph 62 of the First Amended

Complaint.

63.     Smith & Wesson denies the allegations of Paragraph 63 of the First Amended

Complaint.

64.     Smith & Wesson denies the allegations of Paragraph 64 of the First Amended

Complaint.

65.     Smith & Wesson denies the allegations of Paragraph 65 of the First Amended

Complaint.

66.     Smith & Wesson denies the allegations of Paragraph 66 of the First Amended

Complaint.

## COUNT 2
## BREACH OF THE ESCROW AGREEMENT

67.     Smith & Wesson incorporates by reference each of the above Paragraphs of this

Answer as though fully stated herein.

68.     Smith & Wesson denies the allegations of Paragraph 68 of the First Amended

Complaint.

69.     Smith & Wesson denies the allegations of Paragraph 69 of the First Amended

Complaint.

ANSWER TO FIRST AMENDED COMPLAINT - 16

70.     Smith & Wesson denies the allegations of Paragraph 70 of the First Amended Complaint.

71.     Smith & Wesson denies the allegations of Paragraph 71 of the First Amended Complaint.

## COUNT 3
## BREACH OF EXPRESS AND IMPLIED COVENANTS

72.     Smith & Wesson incorporates by reference each of the above Paragraphs of this Answer as though fully stated herein.

73.     Smith & Wesson denies the allegations of Paragraph 73 of the First Amended Complaint.

74.     Smith & Wesson denies the allegations of Paragraph 74 of the First Amended Complaint.

75.     Smith & Wesson denies the allegations of Paragraph 75 of the First Amended Complaint.

76.     Smith & Wesson denies the allegations of Paragraph 76 of the First Amended Complaint.

77.     Smith & Wesson denies the allegations of Paragraph 77 of the First Amended Complaint.

## COUNT 4
## DECLARATORY RELIEF

78.     Smith & Wesson incorporates by reference each of the above Paragraphs of this Answer as though fully stated herein.

79.     Smith & Wesson denies the allegations of Paragraph 79 of the First Amended Complaint.

80.     Smith & Wesson denies the allegations of Paragraph 80 of the First Amended Complaint.

81.     Smith & Wesson denies the allegations of Paragraph 81 of the First Amended Complaint.

82.     Smith & Wesson denies the allegations of Paragraph 82 of the First Amended Complaint.

**COUNT 5**
**FRAUD IN THE INDUCEMENT**

83.     Smith & Wesson incorporates by reference each of the above Paragraphs of this Answer as though fully stated herein.

84.     Smith & Wesson denies the allegations of Paragraph 84 of the First Amended Complaint.

85.     Smith & Wesson denies the allegations of Paragraph 85 of the First Amended Complaint.

86.     Smith & Wesson denies the allegations of Paragraph 86 of the First Amended Complaint.

87.     Smith & Wesson denies the allegations of Paragraph 87 of the First Amended Complaint.

88.     Smith & Wesson denies the allegations of Paragraph 88 of the First Amended Complaint.

89.     Smith & Wesson denies the allegations of Paragraph 89 of the First Amended Complaint.

90.     Smith & Wesson denies the allegations of Paragraph 90 of the First Amended Complaint.

91.    Smith & Wesson denies the allegations of Paragraph 91 of the First Amended Complaint.

92.    Smith & Wesson denies the allegations of Paragraph 92 of the First Amended Complaint.

## RESERVATION OF CLAIMS

The statements in the portion of the First Amended Complaint titled "Reservation of Claims" are not allegations.  Therefore, Smith & Wesson does not need to respond to those statements.  To the extent a response is required, Smith & Wesson denies the statements.

## REQUEST FOR ATTORNEYS' FEES

Smith & Wesson denies the allegations in the portion of the First Amended Complaint titled "Request for Attorneys' Fees."

## DEMAND FOR JURY TRIAL

The statement in the portion of the First Amended Complaint titled "Demand for Jury Trial" is not an allegation.  Therefore, Smith & Wesson does not need to respond to it.  To the extent a response is required, Smith & Wesson denies the statement and submits that Gemtech's demand for a jury trial is barred by the APA.  Section 9.5 of the APA states:  "EACH PARTY HERETO HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVES, TO THE FULLEST EXTENT IT MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER."  Section 27 of the Escrow Agreement contains a similar waiver of trial by jury.

## SMITH & WESSON'S GENERAL DENIAL

Smith & Wesson denies each and every factual allegation not specifically admitted herein, including without limitation all allegations in Gemtech's Prayer for Relief.  Smith & Wesson reserves the right to amend this Answer based on further investigation and discovery.

ANSWER TO FIRST AMENDED COMPLAINT - 19

## SMITH & WESSON'S AFFIRMATIVE & OTHER DEFENSES

Smith & Wesson hereby asserts the following affirmative and other defenses to Gemtech's First Amended Complaint.

### FIRST DEFENSE

Gemtech has failed to mitigate and to make reasonable efforts to mitigate its damages, if any.

### SECOND DEFENSE

Gemtech's damages, if any, are subject to setoff based on Gemtech's failure to abide by its own representations and obligations under the APA.

### THIRD DEFENSE

Gemtech's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and unclean hands.

### FOURTH DEFENSE

Gemtech's claims are barred as a result of its own actions and its failure to satisfy its obligations and representations. The damages Gemtech sustained, if any, were the result of its own actions and conduct.

### FIFTH DEFENSE

Gemtech's claims are barred, in whole or in part, by the doctrines of *res judicata* and collateral estoppel.

## SMITH & WESSON'S PRAYER FOR RELIEF

WHEREFORE, having fully answered the First Amended Complaint, Smith & Wesson prays for the following relief:

1.    That Gemtech takes nothing by its First Amended Complaint;

2.    That judgment be entered in favor of Smith & Wesson;

ANSWER TO FIRST AMENDED COMPLAINT - 20

3.    That Smith & Wesson be awarded its costs and reasonable attorneys' fees; and

4.    That Smith & Wesson be awarded such other and further relief as the Court

deems reasonable and just.

DATED:  November 6, 2020.


HOLLAND & HART LLP


By    */s/ B. Newal Squyres*
      B. Newal Squyres, of the firm
      Stefan J. Hasselblad, for the firm

*Attorneys for Defendants and Counterclaimant*


ANSWER TO FIRST AMENDED COMPLAINT - 21

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 6th day of November, 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Kim J. Trout
TROUT LAW, PLLC
3778 N. Plantation River Dr., Ste. 101
Boise, ID 83703
Telephone: (208) 577-5755
Facsimile: (208) 577-5756

Attorney for Plaintiff

- ktrout@trout-law.com

/s/ B. Newal Squyres
of HOLLAND & HART LLP

15562293_v3

ANSWER TO FIRST AMENDED COMPLAINT - 22