KIM J. TROUT, ISB #2468
TROUT LAW, PLLC
3778 N. Plantation River Dr., Ste. 101
Boise, ID  83703
Telephone (208) 577-5755
Facsimile (208) 577-5756
ktrout@trout-law.com
Attorney for the Plaintiff.

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| GEMINI TECHNOLOGIES, INCORPORATED, an Idaho corporation,<br><br>　　　　Plaintiff,<br>vs.<br><br>SMITH & WESSON CORP., a Delaware corporation, and AMERICAN OUTDOOR BRANDS CORPORATION, Nevada corporation,<br><br>　　　　Defendants. | Case No. 1:18-CV-00035-CWD<br><br>**DECLARATION OF KIM J. TROUT IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>F.R.C.P. 56 |
| SMITH & WESSON CORP., a Delaware corporation,<br><br>　　　　Counterclaimant,<br>vs.<br><br>GEMINI TECHNOLOGIES, INCORPORATED, an Idaho Corporation; RONALD J. MARTINEZ, an individual; and PHILIP H. DATER, an individual,<br><br>　　　　Counterdefendants. | |

Pursuant to 28 U.S.C. 1746, I declare the following is true and correct and submit the following declaration:

1. I represent Gemini Technologies, Inc., Ronald J. Martinez, and Philip H. Dater in this matter.

2. Attached hereto as **Exhibit 1** is a true and correct copy of correspondence sent from Smith & Wesson to myself as attorney for Gemtech. The following table represents the known elements for Smith & Wesson's alleged counterclaims for indemnification, as identified in correspondence and/or discovery responses from Smith & Wesson:

| **Counterclaim Description** | Amount |
|---|---|
| Disputed Accounts Receivable Claim[1] | $237,759.15 |
| Disputed Withheld Cash Claim | $84,179.51 |
| Disputed Inventory Claim[2] | $174,535.22 |
| Disputed Arsenal Claim[3] | $219,700.00 |
| Disputed Defective Products Claim | $36,695.86 |
| Disputed Suppressor Claim | $1,725.00 |
| Disputed European Union Trademark Claim | $1,500,000.00 |
| Disputed Unpaid Tax Claim | (unknown) |
| **Total:** | $2,254,594.38 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

TROUT LAW, PLLC

    */s/ Kim J. Trout*
Kim J. Trout

---

[1] Addressed by Grant Thornton's determination.
[2] Addressed by Grant Thornton's determination.
[3] Addressed by Grant Thornton's determination.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 24, 2021, a true and correct copy of the above and foregoing document was filed through the CM/ECF system, which caused the following parties or counsel to be served by electronic means.

B. Newal Squyres
  NSquyres@hollandhart.com

Stefan J. Hasselblad
  SJHasselblad@hollandhart.com

          /s/ *Kim J. Trout*
          Kim J. Trout

EXHIBIT 1

TO DECLARATION OF KIM J. TROUT



2100 Roosevelt Avenue
PO Box 2208
Springfield, MA 01102-2208

August 6, 2019

(Via FedEx & Email)
Trout Law, PLLC
3778 Plantation River Drive, Suite 101
Boise, ID 83703
Attn: Kim J. Trout
E-mail: ktrout@trout-law.com

Re: <u>Asset Purchase Agreement, dated June 29, 2017</u>

Dear Mr. Trout:

This is in response to your letter dated March 11, 2019. This also summarizes and supplements our previously submitted Indemnity Claims and shall constitute our Claim Notice pursuant to Section 6(a) of the Escrow Agreement, dated as of August 7, 2017, among Smith & Wesson Corp., Gemini Technologies, Incorporated and Washington Trust Bank. Reference is made to the Asset Purchase Agreement, dated June 29, 2017, by and among Smith & Wesson Corp., Gemini Technologies, Incorporated and the Stockholders named therein (the "APA"). Capitalized terms used herein and not otherwise defined have the meaning assigned to them in the Escrow Agreement or the APA, as applicable.

*Item 1 of letter dated March 11, 2019*: We asserted a claim for indemnity for accounts receivable that we paid for, that were reflected in Gemini's financial statements and which Gemini represented in Section 3.8 of the APA "arose from bona fide transactions in the ordinary course of business, and the goods and services involved have been sold, delivered, and performed to the account obligors . . . and no further goods are required to be provided . . . to entitle the Company to collect the accounts receivable in full." Gemini further represented in Section 3.8 that "except only to the extent fully reserved against as set forth in the December 31, 2016 balance sheet included in such Company Financial Statements, no defense or set-off to any such account has been asserted by the account obligor or exists." The customers refuse to pay for these accounts receivable due to Gemini's own actions and no reserves were established. The "Carcal USA" and the "MRKAS Company LTD" accounts receivable were for products that were never shipped by Gemini and the orders were not cancelled by us. Documentation relating to the Hill Country Class 3 Kiosk A/R Adjustment is attached as Exhibit A. Attached as Exhibit B is additional information related to the invalid accounts receivable in the sum of $237,759.15. Demand is hereby made again for the sum of $237,759.15.

*Item 2 of letter dated March 11, 2019*:

    



2100 Roosevelt Avenue
PO Box 2208
Springfield, MA 01102-2208

You may recall that on January 2, 2018, Mr. Martinez returned to Smith & Wesson cash in the sum of $45,163.45 that was misappropriated by him after we confronted him with his wrongful actions. Mr. Martinez misappropriated additional cash in the sum of $84,179.51. We previously furnished you with documentation supporting this claim. Attached as Exhibit C is additional information supporting this claim. Demand is hereby made again for the immediate return of $84,179.51 in cash misappropriated by Mr. Martinez

*Item 3 of letter dated March 11, 2019:*

The inventory adjustments in the sum of $174,535.22 were made due to the decrease in value of the inventory that Smith & Wesson purchased in violation of the representations made in Section 3.8 in the APA. There is nothing in the APA which precludes Smith & Wesson from asserting a claim for breach of representations even if an inventory adjustment claim was made in the context of the post-closing working capital adjustment. These represent two different remedies and elements of proof. Demand is hereby made again for the sum of $174,535.22.

*Item 4 of your letter dated March 11, 2019:*

The GEMTECH mark is a valuable asset acquired by Smith & Wesson in the transaction. Gemini represented that it owned that mark when in fact the mark is registered to Law Enforcement International in the EU. This is a clear breach of the representations made by Gemini and the Stockholders in Section 3.15 of the APA. Demand is made for damages in excess of $1,500,000.

The Indemnity Claims asserted herein are in addition to the Indemnity Claims and other claims previously asserted by Buyer in its letters dated February 27, 2018, October 16, 2018, February 11, 2019 and March 12, 2019 (copies attached) and other correspondence. Attached as Schedule A is a summary of the Indemnity Claims asserted against Seller. Demand is hereby made in an amount in excess of $2,254,594.74.

Very truly yours,

Deana L. McPherson
Assistant Secretary

Cc:

(via FedEx & Email)
Gemini Technologies, Incorporated
1915 W. Sugar Crest St.
Eagle, ID 83616
Attn: Ron Martinez


Our Vision
The Leading Firearms Manufacturer

    

NASDAQ
SWHC



2100 Roosevelt Avenue
PO Box 2208
Springfield, MA 01102-2208

E-mail: ron@martinez.net


(Via FedEx & Email)
Washington Trust Bank
945 West Bannock Street
Boise, ID 83702
Attn.: Zach Bethel
E-mail: ZBethel@watrust.com

Greenberg Traurig, LLP
2375 E. Camelback Road, Suite 700
Phoenix, AZ 85016
Attn.: Brian H. Blaney
E-mail: blaneyb@gtlaw.com

    

**Schedule A**

Smith & Wesson Indemnity Claims Asserted Against Gemini

    $1,500,000.00 (excess of) IP Claim (Gemtech Trademark in EU)
       237,759.15 A/R (indemnity claim)
        84,179.51 Cash (indemnity claim)
       174,535.22 Inventory (indemnity claim)
       219,700.00 Arsenal Invalid A/R (indemnity claim)(includes $40,000 in interest)
        36,695.86 Defective products manufactured prior to closing (indemnity claim)
         1,725.00 Defective and discontinued suppressor (indemnity claim)
            TBD   Unpaid taxes (in an amount to be determined)(indemnity claim)
           <u>TBD</u>   Attorneys' Fees (in an amount to be determined)
$2,254,594.74