UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GEMINI TECHNOLOGIES, INCORPORATED, an Idaho corporation,<br><br>    Plaintiff,<br><br>v.<br><br>SMITH & WESSON, CORP., a Delaware corporation; and AMERICAN OUTDOOR BRANDS CORPORATION, a Massachusetts corporation,<br><br>    Defendants. | Case No. 1:18-cv-00035-CWD<br><br>**ORDER** |

  Before the Court is Defendants' Motion to Maintain Confidentiality, and Plaintiff's related motion to seal its unredacted response to the motion. (Dkt. 169, 172.) Defendants filed a preemptive motion pursuant to Fed. R. Civ. P. 26(c) and the parties' protective order (Dkt. 64) to maintain the confidentiality of certain portions of American Outdoor Brands' June 17, 2017 Board Minutes. The redacted Board Minutes are attached as Exhibit 22 to Plaintiff's Second Amended Complaint. (Dkt. 164.)[1] From the parties' submissions, it appears Plaintiff seeks to have these Board Minutes unsealed as part of

---

[1] The unredacted Board Minutes are filed under seal. (Dkt. 163.)

**ORDER - 1**

the operative complaint. Stidham Decl. ¶¶ 10 – 13. The parties were unsuccessful at reaching a resolution short of Defendants filing the present motion.[2]

The Court agrees with Defendants and finds that the Board Minutes fall under the broad umbrella of the protective order. (Dkt. 64.) The Board Minutes constitute "[c]ompetitive and proprietary business information" reflecting Defendants' "business strategy evidencing thought processes and decision making; business plans and projections; sales or acquisition cost information;…and accompanying identifying or related information." Protective Order ¶ 2. (Dkt. 64.) Further, Defendants represent that the Board Minutes contain information considered to be sensitive business information that the company maintains privately and that, if disclosed, could harm the company. Stidham Decl. ¶¶ 5 – 7. (Dkt. 169-2.)[3] Plaintiff has not convinced the Court otherwise at this stage of the proceedings. *See Lathrop v. Uber Techs., Inc.*, No. 14-cv-05678-JST, 2016 WL 9185002, at *2 (N.D. Cal. June 17, 2016) ("[U]nder Ninth Circuit law…internal reports are appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage.").

There is no dispositive motion presently before the Court. Accordingly, the usual presumption of the public's right of access is rebutted, and a particularized showing of "good cause" under Fed. R. Civ. P. 26(c) is sufficient to preserve the secrecy of sealed discovery documents. *In re Midland Nat. Life. Ins. Co. Annuity Sales Practices*

---

[2] The Court has reviewed the parties' submissions, applicable legal authority, and the docket in this matter, and finds the motions suitable for disposition without a hearing. Dist. Idaho Loc. Civ. R. 7.1
[3] Defendants argue also that the redacted material is not relevant to any party's claim or defense. The Court does not find it necessary to determine the relevancy issue at this time.

**ORDER - 2**

*Litigation*, 686 F.3d 1115, 1119 (9th Cir. 2012) (citing *Phillips ex. Re. Estate of Byrd v. Gen. Motors Corp.*, 207 F.3d 1206, 1213 (9th Cir. 2002); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)). If the Court has granted a protective order to seal documents during discovery, "the Court has already determined that good cause exists to protect the documents from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Ely v. Board of Trustees of the PACE Industry Union-Mgt. Pension Fund*, No. 3:18-cv-00313-CWD, 2020 WL 6876197 at *3 (D. Idaho Nov. 23, 2020) (citing *Phillips*, 307 F.3d at 1180.) Once the right of access is rebutted, "the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released." *Phillips*, 307 F.3d at 1213.

The Court finds Plaintiff has not presented sufficiently compelling reasons at this juncture to justify public disclosure of the Board Minutes, which are currently attached in redacted form to the operative complaint. Presently, the Board Minutes have no role in determining the parties' substantive rights. *Ely*, 2020 WL 6876197 at *4 (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1100 (9th Cir. 2016)). Circumstances may change once dispositive motions are filed. *See, e.g.*, *Kamdem-Ouaffo v. Idahoan Foods, LLC*, 243 F.Supp.3d 1130 (D. Idaho 2017) (denying motion to seal certain documents filed in support of motion for summary judgment); *Venti v. Xerox Corp.*, No. 95, 1:21-cv-00131-DKG (D. Idaho Aug. 17, 2022) (same). However, these proceedings are not at that stage, and it is unclear to the Court why Plaintiff has pressed this issue at

**ORDER - 3**

this time, causing a needless expenditure of resources by the Defendants and the Court. Accordingly, Defendants' motion will be granted.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendants' Motion to Maintain Confidentiality (Dkt. 169) is **GRANTED**.

2) Plaintiff's Motion to Seal (Dkt. 172) is **GRANTED**.

Dated: **April 10, 2024**

Candy W. Dale
United States Magistrate Judge