KIM J. TROUT, ISB #2468
TROUT & JONES, PLLC
3778 N. Plantation River Dr., Ste. 101
Boise, ID  83703
Telephone (208) 577-5755
Facsimile (208) 577-5756
ktrout@trout-law.com
Attorney for the Plaintiff.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GEMINI TECHNOLOGIES, INCORPORATED, an Idaho corporation,<br><br>    Plaintiff,<br>vs.<br><br>SMITH & WESSON, CORP., a Delaware corporation; and AMERICAN OUTDOOR BRANDS CORPORATION, a Massachusetts corporation,<br><br>    Defendants. | Case No. 1:18-CV-00035-REP<br><br>**JOINT STATUS REPORT** |

COMES NOW, Plaintiff, by and through its counsel of record, Kim J. Trout, and Defendants, by and through their counsel of record, Erik F. Stidham, and hereby advise the Court of the following:

**A.    Plaintiff's Report:**

Ronald J. Martinez, the principal of Gemini Technologies, Incorporated, was involved in a significant car accident in Sun Valley, Idaho on July 20, 2024.  As a result of that incident, Mr. Martinez suffered 54 broken bones, including all his ribs.  In addition, he was in a medically induced coma for two weeks and suffered a brain bleed.  Ron's right arm was also required to be reattached.  Ron received another surgery in September 2024 and now has 28 screws in the front of his pelvis and 8 screws in the back of his pelvis.  Ron was on approximately 10 different medications and was bed bound.

Ron is now mobile, and Ron attends physical therapy four times per week and continues to receive occupational therapy two to three times a week.  In addition, Mr. Martinez has decreased from taking ten medications daily to taking none.

While Mr. Martinez has significant improvements, Mr. Martinez does tire easily and is not able to sit for long-periods of time.  Mr. Martinez is critical to the prosecution of

**Joint Status Report - 1**

Plaintiff's claims, as he is the sole representative of Gemini Technologies, Incorporated.

Mr. Martinez, as the sole shareholder of Plaintiff desires to move this matter forward, and would like to set deadlines for the pendency of the matter.

**Therefore**, Plaintiff would request a status conference with the Court.

B. **Defendants' Report:**

Although Defendants have supported giving Mr. Martinez the necessary time to recover, Defendants remain committed to moving this case toward resolution. At the time of Mr. Martinez's accident, Plaintiff had disclosed its expert reports, while the deadline for Defendants to disclose their expert reports had not yet passed. The parties are now in agreement that Defendants be permitted to depose Plaintiff's experts before making their expert disclosures, as permitted by the prior scheduling order. The stipulated deadlines below reflect this agreement, while ensuring an orderly progression of this case.

C. **Stipulated Deadlines:**

With the caveat that the parties are working towards the scheduling of Defendants' depositions of Plaintiff's experts, the parties stipulate to the following pre-trial deadlines:

1. <u>Dispositive Motion Deadline</u>: All dispositive motions, including motions to add a claim for punitive damages, must be filed by **August 15, 2025.**

2. <u>Disclosure of Experts</u>:

    a) **Defendants** must disclose the experts intended to be called at trial on or before **May 15, 2025**.

    b) **Plaintiff** must disclose rebuttal experts intended to be called at trial on or before **July 17, 2025**.

    c) **ALL** discovery relevant to experts must be completed by **August 15, 2025**.

3. To the extent not modified herein, all other terms and conditions set forth in the Court's prior scheduling orders (Dkt. 94, as amended by Dkts. 125, 167, and 175) remain unchanged.

DATED April 2, 2025.

                                                    HOLLAND AND HART, LLP

By   */s/ Erik F. Stidham*
       Erik F. Stidham
Attorneys for Defendants

DATED April 2, 2025.

                                                    TROUT LAW, PLLC

By   */s/ Kim J. Trout*
       Kim Trout
Attorneys for Plaintiff

34535849_v2

**Joint Status Report - 3**