Erik F. Stidham (ISB #5483)
Jennifer M. Aiko (ISB #9275)
Zachery J. McCraney (ISB #11552)
HOLLAND & HART LLP
800 West Main Street, Suite 1750
P.O. Box 2527
Boise, Idaho 83701-2527
Telephone: (208) 342-5000
Email: efstidham@hollandhart.com
jmaiko@hollandhart.com
zjmccraney@hollandhart.com

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| GEMINI TECHNOLOGIES, INCORPORATED, an Idaho corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SMITH & WESSON SALES COMPANY, a Delaware corporation; and SMITH & WESSON BRANDS, INC., a Nevada corporation,<br><br>Defendants. | Case No. 1:18-CV-00035-REP<br><br>**ANSWER TO THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendants Smith & Wesson Sales Company and Smith & Wesson Brands, Inc. (collectively "Smith & Wesson"), by and through their attorneys of record, Holland & Hart LLP, admit, deny, and state as follows in response to the Third Amended Complaint and Demand for Jury Trial filed by Plaintiff Gemini Technologies, Incorporated ("GT" or "Plaintiff") on February 20, 2026:

## PARTIES, VENUE, JURISDICTION

1. Defendants admit the allegation of Paragraph 1 of the Third Amended Complaint that GT is an Idaho corporation and that its registered agent is Kim J. Trout, 3778 N. Plantation River Dr., Ste. 101, Boise, ID 83714. Defendants lack sufficient information to form a belief as to the truth or falsity of the other allegations in Paragraph 1 and therefore deny them.

2. Defendants admit the allegations of Paragraph 2 of the Third Amended Complaint.

3. Defendants admit that Smith & Wesson Brands, Inc. is a Nevada Corporation. Defendants deny the remaining allegations of Paragraph 3 of the Third Amended Complaint, including those in footnote 1.

4. Defendants admit the allegations of Paragraph 4 of the Third Amended Complaint.

5. Defendants admit the allegations of Paragraph 5 of the Third Amended Complaint in light of the U.S. Court of Appeals for the Ninth Circuit's ruling in *Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911 (2019), though Defendants reserve the right to challenge venue if the U.S. Supreme Court abrogates that ruling.

## STATEMENT OF FACTS

**<u>History of GT</u>**:

6. Defendants admit that up until August 2017, GT designed and manufactured gun silencers and sold in domestic and in some foreign markets. Defendants lack sufficient information to form a belief as to the truth or falsity of the other allegations in Paragraph 6 of the Third Amended Complaint and therefore deny them.

7. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 7 of the Third Amended Complaint and therefore deny them.

8. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 8 of the Third Amended Complaint and therefore deny them.

9. Defendants admit the allegations of Paragraph 9 of the Third Amended Complaint.

10. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 10 of the Third Amended Complaint and therefore deny them.

11. Defendants deny the allegations of Paragraph 11 of the Third Amended Complaint.

12. Defendants admit the allegation of Paragraph 12 of the Third Amended Complaint that Martinez hired Jason Pace. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 12 and therefore deny them.

13. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 13 of the Third Amended Complaint and therefore deny them.

**AOB and Smith & Wesson Purchases GT's Assets:**

14. Defendants admit that Exhibit 1 attaches a spread sheet prepared by Smith & Wesson relating to a potential GT acquisition. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 14 of the Third Amended Complaint.

15. Defendants admit that the spreadsheet that is part of Exhibit 1 references financial information believed to have been provided by GT. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 15 of the Third Amended Complaint.

16. Defendants deny the allegations in paragraph 16 as moot. GT wrongly added paragraph 16 to the Third Amended Complaint. The parties have agreed to submit a stipulation striking paragraphs 16, 69, and 114 along with Exhibits 44, 45, and 46. Defendants deny the other allegations of Paragraph 16 of the Third Amended Complaint.

17. Defendants admit that Exhibit 2 is a financial model relating to GT believed to have been created by Abigail Frasier and Andrew Fulmer. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 17 of the Third Amended Complaint.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 18 of the Third Amended Complaint and therefore deny them.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 19 of the Third Amended Complaint and therefore deny them.

20. Defendants admit that Exhibit 5 contains an email with attachments from Ron Martinez ("Martinez") to Andrew Fulmer and Matt Buckingham. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 20 of the Third Amended Complaint.

21. Defendants admit that Exhibit 5 contains a "GEMTECH EXCUTIVE SUMMARY" that Martinez sent to Andrew Fulmer. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 21 of the Third Amended Complaint.

22. Defendants admit that Exhibit 5 contains a section labeled Profit & Loss by Year for the years 2013, 2014, 2015 and 2016 that Martinez sent to Andrew Fulmer and Matt Buckingham. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 22 of the Third Amended Complaint.

23. Defendants admit that Exhibit 5 contains a projected Profit & Loss for the years 2017, 2018, and 2019 that purports to have been sent by Martinez to Andrew Fulmer and Matt Buckingham. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 23 of the Third Amended Complaint.

24. Defendants admit that Exhibit 6 contains an email with attachments that Andrew Fulmer sent to Brian Murphy, James Debney, and Matt Buckingham. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 24 of the Third Amended Complaint.

25. Defendants admit that Exhibit 7 contains an email Andrew Fulmer sent to Martinez and Mark Thompson, copying Matt Buckingham and Brian Murphy. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 25 of the Third Amended Complaint.

26. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefor deny the allegations of Paragraph 26 of the Third Amended Complaint.

27. Defendants admit that Exhibit 9 contains an email that Andrew Fulmer sent to Martinez, copying Matt Buckingham and Mark Thompson. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 27 of the Third Amended Complaint.

28. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations and therefor deny the allegations of Paragraph 28 of the Third Amended Complaint.

29. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations and therefor deny the allegations of Paragraph 29 of the Third Amended Complaint.

30. Defendants admit that Exhibit 12 contains an AOB March 2017 Investor Presentation. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 30 of the Third Amended Complaint.

31. Defendants admit that Exhibit 13 contains an email that Andrew Fulmer sent to James Debney, Jeff Buchanan, Matt Buckingham, and Brian Murphy. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 31 of the Third Amended Complaint.

32. Defendants deny the allegations of Paragraph 32 of the Third Amended Complaint.

33. Defendants admit that Exhibit 14 contains a dated term sheet and exclusivity agreement that Andrew Fulmer sent to Ron Martinez. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 33 of the Third Amended Complaint.

34. Defendants admit that Exhibit 14 contains a dated term sheet and exclusivity agreement that Andrew Fulmer sent to Ron Martinez. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 34 of the Third Amended Complaint.

35. Defendants deny the allegations of Paragraph 35 of the Third Amended Complaint.

36. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations of Paragraph 36 of the Third Amended Complaint.

37. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations of Paragraph 37 of the Third Amended Complaint.

38. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations of Paragraph 38 of the Third Amended Complaint.

39. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations of Paragraph 39 of the Third Amended Complaint.

40. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations of Paragraph 40 of the Third Amended Complaint.

41. Defendants admit that Exhibit 18 contains a revised term sheet that Andrew Fulmer sent to Ron Martinez and Mark Thompson. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 41 of the Third Amended Complaint.

42. Defendants admit that Exhibit 18 contains a revised term sheet that Andrew Fulmer sent to Ron Martinez and Mark Thompson. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 42 of the Third Amended Complaint.

43. Defendants deny the allegations of Paragraph 43 of the Third Amended Complaint.

44. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny allegations regarding whether any financial information from internal analysis was disclosed prior to the alleged date. Defendants deny the other allegations of Paragraph 44 of the Third Amended Complaint.

45. Defendants admit that Exhibit 19 contains a memo "From: Andrew Fulmer" "To: File" that copies "Jeffrey Buchanan, EVP, CFO & Treasurer." The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 45 of the Third Amended Complaint.

46. Defendants admit that Exhibit 20 contains an email with attachments that Andrew Fulmer sent to James Debney, Jeff Buchanan, and Matt Buckingham. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 46 of the Third Amended Complaint.

47. Defendants admit that Exhibit 21 contains an email thread between James Debney and Matt Buckingham. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 47 of the Third Amended Complaint.

48. Defendants admit that Exhibit 22 contains AOB Meeting of the Board of Directors minutes from June 27, 2017. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 48 of the Third Amended Complaint.

49. Defendants admit that Exhibit 22 contains AOB Meeting of the Board of Directors minutes from June 27, 2017. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 49 of the Third Amended Complaint.

50. Defendants admit that Exhibit 23 contains a version of the GT Acquisition presentation that was provided to the AOB Board of Directors. Defendants deny it is the "final" presentation. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 50 of the Third Amended Complaint.

51. Defendants admit that Exhibit 23 contains a version of the GT Acquisition presentation that was provided to the AOB Board of Directors. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 51 of the Third Amended Complaint.

52. Defendants admit that Exhibit 23 contains a version of the GT Acquisition presentation that was provided to the AOB Board of Directors. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 52 of the Third Amended Complaint.

53. Defendants admit that Exhibit 23 contains a version of the GT Acquisition presentation that was provided to the AOB Board of Directors. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 53 of the Third Amended Complaint.

54. Defendants admit that Exhibit 23 contains a version of the GT Acquisition presentation that was provided to the AOB Board of Directors. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 54 of the Third Amended Complaint.

55. Defendants admit that Exhibit 22 contains AOB Meeting of the Board of Directors minutes from June 27, 2017. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 55 of the Third Amended Complaint.

56. Defendants admit that Exhibit 24 contains a financial model for Project Stealth. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 56 of the Third Amended Complaint.

57. Defendants deny Paragraph 57 of the Third Amended Complaint.

58. Defendants deny the allegations of Paragraph 58 of the Third Amended Complaint.

59. Defendants deny the allegations of Paragraph 59 of the Third Amended Complaint.

60. Defendants deny the allegations of Paragraph 60 of the Third Amended Complaint.

61. Defendants do not know the scope of information that GT is referring to as financial model information. Therefore, Defendants deny the allegations of Paragraph 61 of the Third Amended Complaint.

62. Defendants admit Smith & Wesson did not disclose an acquisition financial model that showed revenue growth in the year 2018 at -55% or $4.8M, in the year 2019 at 0% or $4.8M, and in the year 2020 at 100% or $9.6M. Defendants deny the other allegations of Paragraph 62 of the Third Amended Complaint.

63. Defendants deny the allegations of Paragraph 63 of the Third Amended Complaint as the use of the dual negative is confusing and therefore Defendants deny the allegations of Paragraph 63 the Third Amended Complaint.

64. Defendants deny the allegations of Paragraph 64 of the Third Amended Complaint

65. Defendants deny the allegations of Paragraph 65 of the Third Amended Complaint.

66. Defendants deny the allegations of Paragraph 66 of the Third Amended Complaint.

67. Defendants deny the allegations of Paragraph 67 of the Third Amended Complaint.

68. Defendants admit that Exhibit 25 is the Asset Purchase Agreement that was signed by Smith & Wesson, GT, Martinez, and Philip Dater on June 29, 2017. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 68 of the Third Amended Complaint.

69. Defendants deny paragraph 69 as moot. GT wrongly added paragraph 69 to the Third Amended Complaint. The parties have agreed to submit a stipulation striking paragraphs 16, 69, and 114 along with Exhibits 44, 45, and 46. Defendants deny the other allegations of Paragraph 69 of the Third Amended Complaint.

70. Defendants admit that Exhibit 26 contains an email that Jeff Buchanan sent to Andrew Fulmer, copying James Debney and Brian Murphy. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 70 of the Third Amended Complaint.

71. Defendants deny the allegations of Paragraph 71 of the Third Amended Complaint.

72. Defendants admit that Exhibit 27 contains an email that Matt Buckingham sent to James Debney. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 72 of the Third Amended Complaint.

73. Defendants admit the allegations of Paragraph 73 of the Third Amended Complaint.

**Purchase Payments to Gemtech:**

74. Defendants admit the allegations of Paragraph 74 of the Third Amended Complaint that Smith & Wesson promised a cash payment to GT and admits that it promised an earn-out payment to GT should the conditions of APA Section 1.6 be met.

75. Defendants deny the allegations of Paragraph 75 of the Third Amended Complaint.

76. Defendants admit the allegations of Paragraph 76 of the Third Amended Complaint.

77. Defendants admit the allegations of Paragraph 77 of the Third Amended Complaint.

78. Defendants deny the allegations of Paragraph 78 of the Third Amended Complaint.

79. Defendants admit the allegations of Paragraph 79 of the Third Amended Complaint to the extent that the allegations match the language of the APA and that "it" refers only to Smith & Wesson. Defendants deny the allegations of Paragraph 79 to the extent AOB also is included within the definition of "it" in this context.

80. Defendants admit the allegations of Paragraph 80 of the Third Amended Complaint.

81. Defendants deny the allegations of Paragraph 81 of the Third Amended Complaint.

**Section 1.6 Stated Conditions on the Earn-Out:**

82. Defendants admit the allegations of Paragraph 82 of the Third Amended Complaint.

83. Defendants admit that this dispute is governed by the APA and deny any allegations of Paragraph 83 of the Third Amended Complaint to the extent they deviate from or are taken out of context from the APA. The APA speaks for itself.

84. Defendants admit that this dispute is governed by the APA and deny any allegations of Paragraph 84 of the Third Amended Complaint to the extent they deviate from or are taken out of context from the APA. The APA speaks for itself.

85. Defendants deny the allegations of Paragraph 85 of the Third Amended Complaint because they imprecisely summarize the relevant contractual language. The APA speaks for itself.

86. Defendants deny the allegations in Paragraph 86 of the Third Amended Complaint.

**Smith & Wesson Hires GT's Employees:**

87. Defendants admit the allegations of Paragraph 87 of the Third Amended Complaint, except that Defendants deny the allegations of Paragraph 87 to the extent it suggests that Martinez reported directly only to James Debney.

88. Defendants deny the allegations of Paragraph 88 of the Third Amended Complaint.

89. Defendants admit that Martinez and Jason Pace accepted employment and deny remaining allegations of Paragraph 89 of the Third Amended Complaint.

90. Defendants admit Martinez was given a title and deny the remaining allegations of Paragraph 90 of the Third Amended Complaint.

91. Defendants deny the allegations of Paragraph 91 of the Third Amended Complaint.

92. Defendants deny the allegations of Paragraph 92 of the Third Amended Complaint.

**Martinez and Pace Pursue International Sales:**

93. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 93 of the Third Amended Complaint and therefore deny them.

94. Defendants deny the allegations of Paragraph 94 of the Third Amended Complaint.

95. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 95 of the Third Amended Complaint and therefore deny them.

96. Defendants deny the allegations of Paragraph 96 of the Third Amended Complaint.

97. Defendants admit the allegation of Paragraph 97 of the Third Amended Complaint that Martinez and other GT employees made a presentation to Smith & Wesson's executives on August 30, 2017. Defendants deny the remaining allegations of Paragraph 97 of the Third Amended Complaint.

98. Defendants deny the allegations of Paragraph 98 of the Third Amended Complaint.

**Smith & Wesson Breaches Section 1.6 Earn-Out Provisions:**

99. Defendants admit that Exhibit 28 contains an email that Dan McDonough sent to Robert Cicero. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 99 of the Third Amended Complaint.

100. Defendants admit that Exhibit 29 contains a letter to from James Debney to "All Gemtech Employees". The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 100 of the Third Amended Complaint.

101. Defendants deny the allegations of Paragraph 101 of the Third Amended Complaint.

102. Defendants admit that Exhibit 30 contains a HR-046 Corrective Action – Disciplinary Procedure. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 102 of the Third Amended Complaint.

103. Defendants deny the allegations of Paragraph 103 of the Third Amended Complaint.

104. Defendants admit that Exhibit 31 contains an email Jason Pace sent to James Debney. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 104 of the Third Amended Complaint.

105. Defendants admit that Exhibit 31 contains an email that James Debney forwarded to Dan McDonough and Robert Cicero. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 105 of the Third Amended Complaint.

106. Defendants deny the allegations of Paragraph 106 of the Third Amended Complaint.

107. Defendants admit that Exhibit 32 contains an email that Lance Henning sent to Kathy Salvador and Dan McDonough. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 107 of the Third Amended Complaint.

108. Defendants admit that Exhibit 32 contains an email that Lance Henning sent to Kathy Salvador and Dan McDonough. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 108 of the Third Amended Complaint.

109. Defendants admit that Exhibit 33 contains an email that Matt Buckingham sent to James Debney. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 109 of the Third Amended Complaint.

110. Defendants admit that Exhibit 34 contains an email and draft valuation schedules that Gina Drocz of KPMG sent to Kyle Carter, Deana McPherson, Andrew Fulmer, and Brendon Boucher. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 110 of the Third Amended Complaint.

111. Defendants admit that Exhibit 34 contains an email and attached draft PPA Report and Schedules that Gina Drocz of KPMG sent to Kyle Carter, Deana McPherson, Andrew Fulmer, and Brendon Boucher. The exhibit speaks for itself. Smith & Wesson lacks sufficient information to form a belief as to the truth or falsity of the other allegations in Paragraph 111 and therefore denies them.

112. Defendants admit that Exhibit 34 contains an email and draft PPA Report and Schedules draft valuation schedules that Gina Drocz of KPMG sent to Kyle Carter, Deana McPherson, Andrew Fulmer, and Brendon Boucher. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 112 of the Third Amended Complaint.

113. Defendants admit that Exhibit 35 contains an email and draft PPA Report and Schedules that Gina Drocz of KPMG sent to Kyle Carter, Deana McPherson, Andrew Fulmer, and Brendon Boucher. The exhibit speaks for itself. Defendants admit that Exhibit 36 contains

attachments that Gina Drocz identified as final. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 113 of the Third Amended Complaint.

114. Defendants deny the allegations in paragraph 114 as moot. GT wrongly added paragraph 16 to the Third Amended Complaint. The parties have agreed to submit a stipulation striking paragraphs 16, 69, and 114 along with Exhibits 44, 45, and 46. Defendants deny the other allegations of Paragraph 114 of the Third Amended Complaint.

115. Defendants admit that Exhibit 37 contains an email thread between Jeff Buchanan and Liz Sharp. The exhibit speaks for itself. Defendants admit that Smith & Wesson did not consult Martinez in this context. Defendants deny the other allegations of Paragraph 115 of the Third Amended Complaint.

116. Defendants admit that Exhibit 38 contains an email thread between Deana McPherson and Brendan Boucher. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 116 of the Third Amended Complaint.

117. Defendants admit that Exhibit 39 contains a spreadsheet labeled January 2018 GT RIF Plan and language labeled Gemtech EE Communication. The exhibit speaks for itself. Defendants admit that Smith & Wesson did not consult Martinez in this context. Defendants deny the other allegations of Paragraph 117 of the Third Amended Complaint.

118. Defendants admit that Smith & Wesson terminated John Smith, Travis Bundy, Stacy Walker, Doug Paxton, and Daniel Nakashima on February 1, 2018. Defendants admit that Exhibit 40 contains an email from Dan McDonough. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 118 of the Third Amended Complaint.

119. Defendants admit that Smith & Wesson did not consult with Martinez in this context. Defendants deny the other allegations of Paragraph 119 of the Third Amended Complaint.

120. Defendants admit that Exhibit 41 contains a letter from James Debney to "All Employees". The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 120 of the Third Amended Complaint.

121. Defendants admit that Smith & Wesson did not consult with Martinez in this context. Defendants deny the other allegations of Paragraph 121 of the Third Amended Complaint.

122. Defendants admit that Exhibit 42 contains an email from Daniel McDonough. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 122 of the Third Amended Complaint.

123. Defendants admit that Smith & Wesson did not consult with Martinez in this context. Defendants deny the other allegations of Paragraph 123 of the Third Amended Complaint.

124. Defendants admit that Exhibit 43 contains Gemtech Closure Precedence Listing for January through March 2019. The exhibit speaks for itself. Defendants deny the other allegations of Paragraph 124 of the Third Amended Complaint.

125. Defendants deny the allegations of Paragraph 125 of the Third Amended Complaint.

126. Defendants deny the allegations of Paragraph 126 of the Third Amended Complaint

**COUNT 1**
**BREACH OF THE ASSET PURCHASE AGREEMENT**
**(AS AGAINST SMITH & WESSON)**

127. Defendants incorporate by reference each of the above Paragraphs of this Answer as though fully stated herein.

128. The allegations of Paragraph 128 of the Third Amended Complaint state a legal conclusion out of context and therefore Defendants deny. The APA speaks for itself.

129. Defendants deny the allegations of Paragraph 129 of the Third Amended Complaint.

**COUNT 2**
**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
**(AS AGAINST SMITH & WESSON)**

130. Defendants incorporate by reference each of the above Paragraphs of this Answer as though fully stated herein. Further, the Court has granted summary judgment dismissing this claim.

131. Defendants deny the allegations of Paragraph 131 of the Third Amended Complaint.

132. Defendants deny the allegations of Paragraph 132 of the Third Amended Complaint.

133. Defendants deny the allegations of Paragraph 133 of the Third Amended Complaint.

**COUNT 3**
**FRAUD IN THE INDUCEMENT**
**(AS AGAINST AOB AND SMITH & WESSON)**

134. Smith & Wesson incorporates by reference each of the above Paragraphs of this Answer as though fully stated herein. Further, the Court has granted summary judgment dismissing the fraud claim.

135. Defendants deny the allegations of Paragraph 135 of the Third Amended Complaint.

136. Defendants deny the allegations of Paragraph 136 of the Third Amended Complaint.

137. Defendants deny the allegations of Paragraph 137 of the Third Amended Complaint.

138. Defendants deny the allegations of Paragraph 138 of the Third Amended Complaint.

139. Defendants deny the allegations of Paragraph 139 of the Third Amended Complaint.

140. Defendants deny the allegations of Paragraph 140 of the Third Amended Complaint.

141. Defendants deny the allegations of Paragraph 141 of the Third Amended Complaint.

142. Defendants deny the allegations of Paragraph 142 of the Third Amended Complaint.

143. Defendants deny the allegations of Paragraph 143 of the Third Amended Complaint.

144. Defendants deny the allegations of Paragraph 144 of the Third Amended Complaint.

145. Defendants deny the allegations of Paragraph 145 of the Third Amended Complaint.

146. Defendants deny the allegations of Paragraph 146 of the Third Amended Complaint.

147. Defendants deny the allegations of Paragraph 147 of the Third Amended Complaint.

148. Defendants deny the allegations of Paragraph 148 of the Third Amended Complaint.

149. Defendants deny the allegations of Paragraph 149 of the Third Amended Complaint.

150. Defendants deny the allegations of Paragraph 150 of the Third Amended Complaint.

151. Defendants deny the allegations of Paragraph 151 of the Third Amended Complaint.

152. Defendants deny the allegations of Paragraph 152 of the Third Amended Complaint.

153. Defendants deny the allegations of Paragraph 153 of the Third Amended Complaint.

154. Defendants deny the allegations of Paragraph 154 of the Third Amended Complaint.

155. Defendants deny the allegations of Paragraph 155 of the Third Amended Complaint.

156. Defendants deny the allegations of Paragraph 156 of the Third Amended Complaint.

157. Defendants deny the allegations of Paragraph 157 of the Third Amended Complaint.

158. Defendants deny the allegations of Paragraph 158 of the Third Amended Complaint.

159. Defendants deny the allegations of Paragraph 159 of the Third Amended Complaint.

160. Defendants deny the allegations of Paragraph 160 of the Third Amended Complaint.

161. Defendants deny the allegations of Paragraph 161 of the Third Amended Complaint.

162. Defendants deny the allegations of Paragraph 162 of the Third Amended Complaint.

163. Defendants deny the allegations of Paragraph 163 of the Third Amended Complaint.

164. Defendants deny the allegations of Paragraph 164 of the Third Amended Complaint.

165. Defendants deny the allegations of Paragraph 165 of the Third Amended Complaint.

166. Defendants deny the allegations of Paragraph 166 of the Third Amended Complaint.

**REQUEST FOR ATTORNEYS' FEES**

167. Defendants deny the allegations in the portion of the Third Amended Complaint titled "Request for Attorneys' Fees."

**DEMAND FOR JURY TRIAL**

168. The statement in the portion of the Third Amended Complaint titled "Demand for Jury Trial" is not an allegation. Therefore, Smith & Wesson does not need to respond to it. To the extent a response is required, Defendants deny the statement and submits that GT's demand for a jury trial is barred by the APA. Section 9.5 of the APA states: "EACH PARTY HERETO HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVES, TO THE FULLEST EXTENT IT MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER." Section 27 of the Escrow Agreement contains a similar waiver of trial by jury. Moreover, Defendants have conceded in email correspondence that the only remaining claim in the case after the Court's recent summary judgement ruling is a breach of contract claim that is subject to a bench trial owing to the waiver cited above.

**DEFENDANTS' GENERAL DENIAL AND FIRST DEFENSE**

Defendants deny each and every factual allegation not specifically admitted herein, including without limitation all allegations in GT's Prayer for Relief. Defendants deny each and every factual allegation to the extent AOB is included within the definition of "Smith & Wesson" in any context. Defendants reserve the right to amend this Answer based on further investigation and discovery.

**DEFENDANTS' AFFIRMATIVE & OTHER DEFENSES**

Defendants hereby assert the following affirmative and other defenses to GT's Third Amended Complaint.

**SECOND DEFENSE**

GT has failed to mitigate and to make reasonable efforts to mitigate its damages, if any.

**THIRD DEFENSE**

GT's damages, if any, are subject to setoff based on GT's failure to abide by its own representations and obligations under the APA.

**FOURTH DEFENSE**

GT's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and unclean hands.

**FIFTH DEFENSE**

GT's claims are barred as a result of its own actions and its failure to satisfy its obligations and representations. The damages GT sustained, if any, were the result of its own actions and conduct.

**SIXTH DEFENSE**

GT's claims are barred, in whole or in part, by the doctrines of *res judicata* and collateral estoppel.

**SEVENTH DEFENSE**

GT has requested alternative, and inconsistent, theories of recovery, so they should be bound to elect their remedies, if any to which they are entitled, and not to seek relief or damages under the theories alleged in their Complaint.

**EIGHTH DEFENSE**

GT is precluded from asserting his claims by reason of his substantial and material breach of the agreement between the parties, thereby excusing further performance by Defendant.

**NINTH DEFENSE**

GT's claims are precluded by reason of Plaintiff's failure to disclose material facts in connection with the transaction which is the subject of Plaintiff's Complaint.

**TENTH DEFENSE**

If Plaintiff's allegations regarding the terms of the contract are accepted, the contract upon which Plaintiff bases its claims was the result of a mutual mistake between the parties, and as a result thereof, Defendant is not bound by the contract as alleged by Plaintiff.

**DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, having fully answered the Third Amended Complaint, Defendants pray for the following relief:

1. That GT takes nothing by its Third Amended Complaint;
2. That judgment be entered in favor of Defendants;
3. That Defendants be awarded their costs and reasonable attorneys' fees; and
4. That Defendants be awarded such other and further relief as the Court deems reasonable and just.

DATED this 6th day of March, 2026.

HOLLAND AND HART, LLP

By *<u>/s/ Erik F. Stidham</u>*
Erik F. Stidham
Jennifer M. Aiko
Zachery J. McCraney
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of March, 2026, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Kim J. Trout
Alyssa R. Jones
TROUT & JONES, PLLC
3778 N. Plantation River Dr., Ste. 101
Boise, ID 83703
Telephone: (208) 577-5755

*Attorneys for Plaintiff*

- ktrout@trout-law.com
- ajones@trout-law.com

*/s/Erik F. Stidham*
Erik F. Stidham
for HOLLAND & HART LLP

37120374_v1