Erik F. Stidham (ISB #5483)
Jennifer M. Aiko (ISB #9275)
Cameron L. McCue (ISB #12329)
HOLLAND & HART LLP
800 West Main Street, Suite 1750
P.O. Box 2527
Boise, Idaho 83701-2527
Telephone: (208) 342-5000
Email: efstidham@hollandhart.com
jmaiko@hollandhart.com
clmccue@hollandhart.com

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| GEMINI TECHNOLOGIES, INCORPORATED, an Idaho corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SMITH & WESSON SALES COMPANY, a Delaware corporation; and SMITH & WESSON BRANDS, INC., a Nevada corporation,<br><br>Defendants. | Case No. 1:18-CV-00035-REP<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE RE NON-RETAINED EXPERTS [DKT. NO. 222]** |

# TABLE OF CONTENTS

I. INTRODUCTION ........ 1

II. ARGUMENT ........ 1

A. Gemtech Has Conceded Any Non-Retained Expert Opinion Should Be Excluded Under Rule 37. ........ 1

B. Gemtech Has Waived Any Argument Contradicting Smith & Wesson's Contention That the Identified, Anticipated Testimony Is Expert Testimony or That Martinez, Nakashima, or Kunsky Lacks Qualifications to Offer Such Testimony. ........ 2

C. Gemtech Seems to Incorrectly Assert It Would Be Inappropriate for the Court to Grant Smith & Wesson's Motion Pretrial, as Opposed to During Trial. ........ 4

III. CONCLUSION ........ 5

## I. INTRODUCTION

Smith & Wesson Sales Company and Smith & Wesson Brands, Inc. (collectively "Smith & Wesson") moved to exclude non-retained expert testimony from Gemtech witnesses Ron Martinez, Daniel Nakashima, and Jacob Kunsky. Gemtech never disclosed these opinions, and these witnesses are not qualified to give them. Gemtech's opposition fails on three points.

First, Gemtech does not even try to carry its burden under Rule 37 to show that its failure to disclose was substantially justified or harmless. It thus concedes any non-retained expert opinion should be excluded.

Second, Gemtech offers no argument that the compliance and engineering testimony Smith & Wesson identified is fact testimony rather than expert opinion. Gemtech also does not argue that any of the three witnesses is qualified to offer those opinions. It has waived both points.

Third, Gemtech suggests that the motion is speculative or moot and should await the bench trial. That misreads *Alves*, which allows a court to defer its reliability ruling in a bench trial but does not require it, and which itself granted a pretrial *Daubert* motion in part. It also contradicts the Court's scheduling order, which requires *Daubert* motions to be filed well before trial.

The Court should grant Smith & Wesson's motion.

## II. ARGUMENT

### A. Gemtech Has Conceded Any Non-Retained Expert Opinion Should Be Excluded Under Rule 37.

Smith & Wesson filed its motion to exclude all non-retained expert testimony, citing specific deposition excerpts from Martinez, Nakashima, and Kunsky that, if the same or similar

testimony were offered at trial, would constitute undisclosed expert testimony. *See* Dkt. No. 222 at 6-9.

Gemtech disclosed no non-retained expert opinions. Gemtech thus bears the burden to show either substantial justification or harmlessness of its failure to disclose these expert opinions. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001) ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."); *Mendoza v. Monsanto Co.*, No. 1:16-cv-00406-KES-HBK, 2024 U.S. Dist. LEXIS 192143, at *9-10, 19-20 (E.D. Cal. Oct. 22, 2024) (holding substantial justification and harmlessness not shown and barring testimony from witnesses whose non-retained expert testimony was insufficiently disclosed).

In opposition, Gemtech does not even address its burden, thus conceding that any non-retained expert opinion should be excluded. *See Pecover v. Elec. Arts Inc.*, 633 F. Supp. 2d 976, 984 (N.D. Cal. 2009) (dismissing claims because "plaintiffs have effectively conceded, by failing to address the issue in their opposition memorandum" the argument raised by defendant); Dkt. No. 226 at 11-12 (providing one page of conclusory argument with no reference to substantial justification or harmlessness).

### B. Gemtech Has Waived Any Argument Contradicting Smith & Wesson's Contention That the Identified, Anticipated Testimony Is Expert Testimony or That Martinez, Nakashima, or Kunsky Lacks Qualifications to Offer Such Testimony.

Smith & Wesson identified particular testimony from Gemtech witnesses that would constitute expert opinion, if offered at trial, as well as why the witnesses were not qualified to offer it. In its opening brief, Smith & Wesson demonstrated that in depositions, Gemtech witnesses testified about Gemtech's compliance with ATF regulations and other standards, the supposed unreasonableness of Smith & Wesson's compliance program, and the sufficiency of

Gemtech's blueprints, product designs, and testing protocols. *See* Dkt. No. 222 at 3-6 (citing Gemtech witness testimony relating to compliance and engineering opinions); *see id.* at 3-6, 10-11 (explaining why Martinez, Nakashima, and Kunsky are not qualified).

As explained in Smith & Wesson's opening brief, such testimony constitutes expert opinion that must be disclosed under Rule 26:

> Testimony about whether a company's products or practices meet regulatory compliance standards is expert testimony that must be properly disclosed under Rule 26. *See, e.g.*, *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 678-80 (N.D. Cal. 2021) (striking Vice President of Innovation and Product Development's undisclosed expert opinions as to product's compliance with applicable regulations); *Gonzales v. Battelle Energy All., LLC*, No. 4:20-cv-00102-BLW, 2024 U.S. Dist. LEXIS 135882, at *11-12 (D. Idaho July 30, 2024) (barring non-retained experts from testifying as to their "evaluation of [plaintiff's] use of prescription medication and compliance with the requirement of [plaintiff's] HRP certification").
>
> Similarly, testimony about the sufficiency of engineering plans or product testing are expert opinions. *See, e.g.*, *Oregon v. Winchester Water Control Dist.*, No. 3-20-cv-01927-IM, 2025 U.S. Dist. LEXIS 75781, at *18-19 (D. Or. Feb. 20, 2025) (limiting testimony of a fisheries biologist with more than 50 years' experience to his personal observations and prohibiting opinion testimony on a fish ladder's design, which would be appropriate for "an expert with an engineering background"); *FLIR Sys. v. Sierra Media, Inc.*, 903 F. Supp. 2d 1120, 1134 (D. Or. 2012) (efficacy of particular product testing is "a proper subject for expert testimony").

Dkt. No. 222 at 8-9.

Gemtech fails to address these on-point precedents. *See* Dkt. No. 226 at 11-12. Gemtech does not even articulate how, in light of the excerpts cited from their depositions, "Mr. Nakashima, Mr. Martinez, and Mr. Kunsky are fact witnesses" only—and somehow not offering inappropriate expert opinions on compliance and engineering. *Id.* at 12.

By providing no argument as to how the testimony is solely fact testimony, Gemtech waives any opposition to Smith & Wesson's contention that the compliance and engineering opinions are expert in nature. *See Townsend v. Monster Bev. Corp.*, 303 F. Supp. 3d 1010, 1036

(C.D. Cal. 2018) (rejecting plaintiffs' objections because they were "[w]ithout any explanation and with almost no support" and holding that plaintiffs' "failure to present cogent arguments is enough to deny these objections").

Gemtech states it is "not necessary for an expert to weigh in" on what compliance programs, policies, or practices existed at the time in question. Dkt. No. 226 at 12. This is a straw man. Of course witnesses can testify to their personal knowledge of the existence of compliance programs, policies, or practices. What Martinez and Nakashima may not do is opine on whether those programs, policies, or practices were reasonable or appropriate. That would be offering expert opinion. And that is what their deposition testimony indicates they intend to do.

Similarly, Gemtech does not even try to explain how Martinez, Nakashima, or Kunsky is qualified to provide expert opinions on compliance or engineering and thus waives any objection to Smith & Wesson's *Daubert* motion in this respect as well.

As waived and on the merits, the testimony identified and explained on pages 3-6 of Smith & Wesson's opening brief (Dkt. No. 222) are expert opinions, which should be excluded because they were not disclosed and the witnesses are not qualified.

**C. Gemtech Seems to Incorrectly Assert It Would Be Inappropriate for the Court to Grant Smith & Wesson's Motion Pretrial, as Opposed to During Trial.**

Gemtech opposes Smith & Wesson's motion by asserting it is based entirely on "speculation," and the motion "is moot." Dkt. No. 226 at 11. In so stating, Gemtech cites the *Alves* case, seeming to imply that because this is a bench trial, a ruling on Smith & Wesson's *Daubert* motion pretrial would be inappropriate. *See id.* (citing *Alves v. United States*, No. 3:19-cv-00044-REP, 2022 WL 2105976, 2022 U.S. Dist. LEXIS 105246 (D. Idaho June 10, 2022)). Not so.

First, the *Alves* case only states that with a bench trial, the Court "**may** make its reliability determination during, rather than in advance of, a trial." *Id.* at *5 (emphasis added). In fact, in *Alves*, the district court granted in part the movant's pretrial motion. *Id.* at *10-11.

Second, Gemtech's argument as to speculation and mootness contradicts the Court's scheduling order, which requires all *Daubert* motions be filed three and a half months before the bench trial. *See* Dkt. No. 218 (Order Setting Trial at ¶ 3).

## III. CONCLUSION

Smith & Wesson respectfully requests this Court grant its Motion in Limine Re Non-Retained Expert Testimony.

DATED this 2nd day of November, 2026.

HOLLAND & HART LLP

By *_____/s/ Erik F. Stidham_____*
Erik F. Stidham
Jennifer M. Aiko
Cameron L. McCue
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 2nd day of November, 2026, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Kim J. Trout
Alyssa R. Jones
TROUT & JONES, PLLC
3778 N. Plantation River Dr., Ste. 101
Boise, ID 83703
Telephone: (208) 577-5755

*Attorneys for Plaintiff*

- ktrout@trout-law.com
- ajones@trout-law.com

*/s/ Erik F. Stidham*
Erik F. Stidham
for HOLLAND & HART LLP

40057370_v1