# EXHIBIT A

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO**

*Gemini Technologies, Inc. v. Smith & Wesson Sales Co.*, No. 1:18-cv-00035-REP

**SMITH & WESSON SALES COMPANY — SUMMARY OF OBJECTIONS TO PLAINTIFF'S TRIAL EXHIBITS (DKT. 236)**

This table lists each of Plaintiff's exhibits to which S&W objects or seeks a limiting ruling, in exhibit-number order.. Each objection is made without waiver of any other objection, and S&W reserves the right to supplement or renew objections if Plaintiff amends its list or the Court rules provisionally.

| Exhibit | Description | Objection | Basis for Objection |
|---|---|---|---|
| GT 1 | (2016–2019) Ron Martinez handwritten notes of calls and meetings (GT085001–GT085162). | Object — wholesale admission; page designations only | Gemtech may not offer its principal's notes for their truth (FRE 801(d)(2), 802), and personal notes are not business records (FRE 803(6)); 162 pages of handwriting warrant page-specific designations (FRE 106, 403); portions are illegible; other portions lack relevance; and S&W reserves the right to use portions of the exhibit for impeachment. |
| GT 3 | 3/2017 American Outdoor Brands Corporation Investor Presentation, March 2017. | Object — limit to purpose (FRE 105) | A party statement (FRE 801(d)(2)), but a 56-page pre-closing investor presentation is relevant only as background and should be received for that limited purpose with relevant pages designated (FRE 105, 403). |
| GT 6 | 3/10/2017 Email from Andrew Fulmer to Ron Martinez re: "Term Sheet & Exclusivity," with attached term sheet. | Object — limit to purpose (FRE 105) | Pre-closing communication relevant, if at all, as background; extrinsic evidence may not vary the terms of APA § 1.6(c), so the exhibit should be received only for that limited purpose (FRE 105, 401–403). |
| GT 7 | 4/10/2017 Email from Andrew Fulmer to Ron Martinez and Mark Thompson re: "Revised Term Sheet," with attached revised term sheet. | Object — limit to purpose (FRE 105) | Pre-closing communication relevant, if at all, as background; extrinsic evidence may not vary the terms of APA § 1.6(c), so the exhibit should be received only for that limited purpose (FRE 105, 401–403). |
| GT 11 | 3/9/2017 Email chain, top email from James Debney to Jeff Buchanan re: "Dead Air" (3:01 p.m.). | Object — limit to purpose (FRE 105) | Pre-closing communication relevant, if at all, as background; extrinsic evidence may not vary the terms of APA § 1.6(c), so the exhibit should be received only for that limited purpose (FRE 105, 401–403). |
| GT 12 | 6/23/2017 Email chain, top email from James Debney to Matt Buckingham re: "Catch-Up". | Object — limit to purpose (FRE 105) | An opposing-party statement under FRE 801(d)(2)(D), but general pessimism about earn-out prospects is not evidence of decision-specific knowledge or intent, and receipt should be limited accordingly (FRE 105, 401–403). |
| GT 13 | 7/10/2017 Email chain, top email from Jeff Buchanan to Andrew Fulmer re: "BOD Presentation" (4:48 a.m.). | Object — limit to purpose (FRE 105) | Pre-closing communication relevant, if at all, as background; extrinsic evidence may not vary the terms of APA § 1.6(c), so the exhibit should be received only for that limited purpose (FRE 105, 401–403). |
| GT 26 | 2/2/2015 Email from Andrew Fulmer to James Debney and others re: "Gemtech Financial Analysis," with attached financial analysis. | Object — limit to purpose (FRE 105) | Pre-closing communication relevant, if at all, as background; extrinsic evidence may not vary the terms of APA § 1.6(c), so the exhibit should be received only for that limited purpose (FRE 105, 401–403). |
| GT 27 | 9/15/2015 Gemini Technologies, Inc. 2014 U.S. Corporation Income Tax Return (Form 1120). | Object — limit to purpose (FRE 105) | Gemtech's own returns are hearsay when Gemtech offers them for their truth (FRE 802) and require a custodian or certification (FRE 803(6), 902(11)); pre-closing tax years outside the earn-out period have limited relevance (FRE 401–403). |
| GT 30 | 4/21/2016 Email chain, top email from Alexander Crown to Ron Martinez re: "Royal Armand police". | Object — limit to purpose (FRE 105) | Statements of Gemtech personnel are hearsay when Gemtech offers them for their truth (FRE 802), and routine email lacks a business-records foundation (FRE 803(6), 902(11)); the exhibit is admissible only for a non-truth purpose (FRE 105, 801(c)). |

| Exhibit | Description | Objection | Basis for Objection |
|---|---|---|---|
| GT 31 | 7/22/2016 Email from Jason Pace to Ron Martinez re: "Jason Pace". | Object — relevance/undue prejudice (FRE 402/403) | Little or no probative value on any pleaded § 1.6(c) decision, and admission would be cumulative or waste time (FRE 401–403); Gemtech should identify a proper purpose before offer. |
| GT 32 | 8/22/2016 Email from Lance Henning to Franklin Lerum re: "Jason our new outside sales acct manager starting in Sept". | Object — relevance/undue prejudice (FRE 402/403) | Little or no probative value on any pleaded § 1.6(c) decision, and admission would be cumulative or waste time (FRE 401–403); Gemtech should identify a proper purpose before offer. |
| GT 33 | 9/14/2016 Gemini Technologies, Inc. 2015 U.S. Corporation Income Tax Return (Form 1120). | Object — limit to purpose (FRE 105) | Gemtech's own returns are hearsay when Gemtech offers them for their truth (FRE 802) and require a custodian or certification (FRE 803(6), 902(11)); pre-closing tax years outside the earn-out period have limited relevance (FRE 401–403). |
| GT 34 | 10/11/2016 Email chain, top email from Frank Pinn (Caracal) to Jason Pace re: "Gemtech Update," with export permit attachments. | Object — limit to purpose (FRE 105) | Third-party hearsay offered without a custodian or certification (FRE 802, 803(6), 902(11)); prospective foreign sales lack foundation and rest on undisclosed opinion (FRE 602, 701(c), 702), so receipt should be limited to a non-truth purpose (FRE 105). |
| GT 35 | 10/15/2016 Email chain, top email from James F. Todd to Jason Pace re: "UAE Purchase Order". | Object — limit to purpose (FRE 105) | Third-party hearsay offered without a custodian or certification (FRE 802, 803(6), 902(11)); prospective foreign sales lack foundation and rest on undisclosed opinion (FRE 602, 701(c), 702), so receipt should be limited to a non-truth purpose (FRE 105). |
| GT 36 | 11/7/2016 Email chain, top email from Jason Pace to Mark Thompson and Ron Martinez re: "Letter of Exclusivity". | Object — limit to purpose (FRE 105) | Statements of Gemtech personnel are hearsay when Gemtech offers them for their truth (FRE 802), and routine email lacks a business-records foundation (FRE 803(6), 902(11)); the exhibit is admissible only for a non-truth purpose (FRE 105, 801(c)). |
| GT 37 | 1/26/2017 Email from Andrew Fulmer to Ron Martinez, cc Matt Buckingham and Brian Murphy, re: "Request List," with attached Initial Information Request. | Object — limit to purpose (FRE 105) | Pre-closing communication relevant, if at all, as background; extrinsic evidence may not vary the terms of APA § 1.6(c), so the exhibit should be received only for that limited purpose (FRE 105, 401–403). |
| GT 39 | 2/7/2017 Email from Jason Pace to Ron Martinez re: "MY Concern" (5:04 p.m.). | Object — limit to purpose (FRE 105) | Statements of Gemtech personnel are hearsay when Gemtech offers them for their truth (FRE 802), and routine email lacks a business-records foundation (FRE 803(6), 902(11)); the exhibit is admissible only for a non-truth purpose (FRE 105, 801(c)). |
| GT 40 | 2/8/2017 Email chain, top email from Brian Murphy to Andrew Fulmer re: "S&W documents requested" (10:27 a.m.). | Object — relevance/undue prejudice (FRE 402/403) | Little or no probative value on any pleaded § 1.6(c) decision, and admission would be cumulative or waste time (FRE 401–403); Gemtech should identify a proper purpose before offer. |
| GT 43 | 2/13/2017 Email from Jason Pace to Ron Martinez re: "General Operations". | Object — limit to purpose (FRE 105) | Statements of Gemtech personnel are hearsay when Gemtech offers them for their truth (FRE 802), and routine email lacks a business-records foundation (FRE 803(6), 902(11)); the exhibit is admissible only for a non-truth purpose (FRE 105, 801(c)). |
| GT 44 | 2/16/2017 Email chain, top email from Andrew Fulmer to Ron Martinez re: "S&W documents requested". | Object — limit to purpose (FRE 105) | S&W employees' statements are party admissions, but statements of Gemtech personnel in the chain are hearsay for their truth (FRE 802, 805); receipt should be limited to a non-truth purpose (FRE 105). |

| Exhibit | Description | Objection | Basis for Objection |
|---|---|---|---|
| GT 46 | 2/21/2017 Email chain, top email from Jason Pace to Mohammed Smimih (MRKAS) re: "G36C Suppressors Project / MoI / KSA". | Object — limit to purpose (FRE 105) | Third-party hearsay offered without a custodian or certification (FRE 802, 803(6), 902(11)); prospective foreign sales lack foundation and rest on undisclosed opinion (FRE 602, 701(c), 702), so receipt should be limited to a non-truth purpose (FRE 105). |
| GT 47 | 2/22/2017 Email from Ron Martinez to Blake Young, Jake Kunsky and others re: "Machine gun silencer". | Object — relevance/undue prejudice (FRE 402/403) | Little or no probative value on any pleaded § 1.6(c) decision, and admission would be cumulative or waste time (FRE 401–403); Gemtech should identify a proper purpose before offer. |
| GT 49 | 2/27/2017 Email chain, top email from Jerry Hurd (Ohio Ordnance) to Daniel Nakashima and Jason Pace re: UPS ship notification. | Object — relevance/undue prejudice (FRE 402/403) | Little or no probative value on any pleaded § 1.6(c) decision, and admission would be cumulative or waste time (FRE 401–403); Gemtech should identify a proper purpose before offer. |
| GT 50 | 2/28/2017 Email from Mohammed Smimih to Jason Pace re: "FW: Quote," with attached Gemtech estimate. | Object — limit to purpose (FRE 105) | Third-party hearsay offered without a custodian or certification (FRE 802, 803(6), 902(11)); prospective foreign sales lack foundation and rest on undisclosed opinion (FRE 602, 701(c), 702), so receipt should be limited to a non-truth purpose (FRE 105). |
| GT 53 | 3/7/2017 Email chain, top email from Jason Pace to Andrew Pike re: "International Tracker," with attached tracker. | Object — limit to purpose (FRE 105) | Gemtech's tracker is hearsay when Gemtech offers it for truth (FRE 802), and projections fall outside the business-records exception (FRE 803(6)); probability estimates are undisclosed opinion lacking foundation (FRE 602, 701(c), 702). |
| GT 54 | 3/7/2017 Email chain, top email from Andrew Pike to Jason Pace and Ron Martinez re: "New Project / MoI". | Object — limit to purpose (FRE 105) | Third-party hearsay offered without a custodian or certification (FRE 802, 803(6), 902(11)); prospective foreign sales lack foundation and rest on undisclosed opinion (FRE 602, 701(c), 702), so receipt should be limited to a non-truth purpose (FRE 105). |
| GT 55 | 3/9/2017 Email chain, top email from Ron Martinez to Andrew Fulmer re: "Term Sheet & Exclusivity" (8:26 a.m.). | Object — limit to purpose (FRE 105) | S&W employees' statements are party admissions, but statements of Gemtech personnel in the chain are hearsay for their truth (FRE 802, 805); receipt should be limited to a non-truth purpose (FRE 105). |
| GT 56 | 3/9/2017 Email from James Debney to Jeff Buchanan re: "Dead Air". | Object — limit to purpose (FRE 105) | Pre-closing communication relevant, if at all, as background; extrinsic evidence may not vary the terms of APA § 1.6(c), so the exhibit should be received only for that limited purpose (FRE 105, 401–403). |
| GT 57 | 3/10/2017 Email chain, top email from Jeff Buchanan to Andrew Fulmer re: "Project Stealth Term Sheet & Exclusivity". | Object — limit to purpose (FRE 105) | Pre-closing communication relevant, if at all, as background; extrinsic evidence may not vary the terms of APA § 1.6(c), so the exhibit should be received only for that limited purpose (FRE 105, 401–403). |
| GT 58 | 3/14/2017 Email chain, top email from Andrew Pike to Jason Pace re: "International Tracker". | Object — limit to purpose (FRE 105) | Third-party hearsay offered without a custodian or certification (FRE 802, 803(6), 902(11)); prospective foreign sales lack foundation and rest on undisclosed opinion (FRE 602, 701(c), 702), so receipt should be limited to a non-truth purpose (FRE 105). |
| GT 59 | 3/15/2017 Email from Andrew Fulmer to Liz Sharp, Deana McPherson, Daniel McDonough, Jeff Buchanan and others re: "FP&A Update". | Object — limit to purpose (FRE 105) | Pre-closing communication relevant, if at all, as background; extrinsic evidence may not vary the terms of APA § 1.6(c), so the exhibit should be received only for that limited purpose (FRE 105, 401–403). |
| GT 61 | 4/4/2017 Email from Andrew Fulmer to Jeff Buchanan and Robert Cicero re: "Dead Air Term Sheet," with attached term sheet. | Object — limit to purpose (FRE 105) | Pre-closing communication relevant, if at all, as background; extrinsic evidence may not vary the terms of APA § 1.6(c), so the exhibit should be received only for that limited purpose (FRE 105, 401–403). |

| Exhibit | Description | Objection | Basis for Objection |
|---|---|---|---|
| GT 63 | 4/26/2017 Group text/Facebook messages among Gemtech personnel. | Object — exclude | No sponsoring witness can authenticate the authorship or accurate capture of the messages (FRE 901(a), 901(b)(1), 901(b)(4); 902(13)–(14)), and the messages are multiple hearsay (FRE 802, 805). |
| GT 64 | 4/27/2017 Email chain, top email from Ron Martinez to Derek Smith re: "Ruger Silent-SR 10/22 integrated suppressed ISB". | Object — limit to purpose (FRE 105) | Statements of Gemtech personnel are hearsay when Gemtech offers them for their truth (FRE 802), and routine email lacks a business-records foundation (FRE 803(6), 902(11)); the exhibit is admissible only for a non-truth purpose (FRE 105, 801(c)). |
| GT 70 | 6/20/2017 Memorandum from Andrew Fulmer to File, cc Jeffrey Buchanan, re: "Project Stealth Due Diligence — P&L Analysis". | Object — limit to purpose (FRE 105) | Pre-closing communication relevant, if at all, as background; extrinsic evidence may not vary the terms of APA § 1.6(c), so the exhibit should be received only for that limited purpose (FRE 105, 401–403). |
| GT 71 | 6/21/2017 Email from Andrew Fulmer to James Debney, Jeff Buchanan and others re: "Stealth BOD Presentation," with attached presentation (4:54 p.m.). | Object — limit to purpose (FRE 105) | Pre-closing communication relevant, if at all, as background; extrinsic evidence may not vary the terms of APA § 1.6(c), so the exhibit should be received only for that limited purpose (FRE 105, 401–403). |
| GT 72 | 6/22/2017 Email chain, top email from James Debney to Matt Buckingham, cc Andrew Fulmer and Jeff Buchanan, re: "Stealth Sign off". | Object — limit to purpose (FRE 105) | Pre-closing communication relevant, if at all, as background; extrinsic evidence may not vary the terms of APA § 1.6(c), so the exhibit should be received only for that limited purpose (FRE 105, 401–403). |
| GT 75 | 6/30/2017 Email chain, top email from Liz Sharp to Jeff Buchanan and others re: "Firearms Division Acquires Gemtech". | Object — limit to purpose (FRE 105) | Bears on conduct outside the pleaded § 1.6(c) decisions and is admissible, if at all, only as circumstantial evidence of intent, not as an independent breach (FRE 105, 401–403). |
| GT 77 | 7/10/2017 Email chain, top email from James Debney to Jeff Buchanan re: "BOD Presentation" (5:34 a.m.). | Object — limit to purpose (FRE 105) | Pre-closing communication relevant, if at all, as background; extrinsic evidence may not vary the terms of APA § 1.6(c), so the exhibit should be received only for that limited purpose (FRE 105, 401–403). |
| GT 83 | 8/3/2017 Letter from Taylor Law Offices, PLLC to Gemini Technologies, Inc. | Object — relevance/undue prejudice (FRE 402/403) | A third-party attorney letter offered for its truth is hearsay (FRE 802) and lacks authentication or certification (FRE 901(a), 902(11)); its relevance to Count One is not apparent (FRE 401–403). |
| GT 88 | 8/15/2017 Email from Daniel Nakashima to Mark Thompson re: "Approved Not Shipped". | Object — limit to purpose (FRE 105) | Bears on conduct outside the pleaded § 1.6(c) decisions and is admissible, if at all, only as circumstantial evidence of intent, not as an independent breach (FRE 105, 401–403). |
| GT 89 | 8/16/2017 Email from Robert Cicero to Ron Martinez re: "FW: International". | Object — privilege (protective; FRE 502(d)) | Communication involving S&W's counsel for which privilege is preserved under the Court's FRE 502(d) orders (FRE 501, 502(d)); S&W objects pending privilege review (FRCP 26(b)(5)(B)). |
| GT 92 | 8/21/2017 Email from Ron Martinez to Jason Pace and Daniel Nakashima re: "S&W International powerpoint," with attachment. | Object — limit to purpose (FRE 105) | Martinez's projections are hearsay when Gemtech offers them for truth (FRE 802) and are admissible only to show what was presented to the BEC (FRE 105, 801(c)); the version presented must be established (FRE 1002, 106). |
| GT 93 | 8/21/2017 Email from Daniel Nakashima to Jason Pace and Ron Martinez re: "Re: Danish Representation". | Object — limit to purpose (FRE 105) | S&W employees' statements are party admissions, but statements of Gemtech personnel in the chain are hearsay for their truth (FRE 802, 805); receipt should be limited to a non-truth purpose (FRE 105). |
| GT 94 | 8/23/2017 Email chain, top email from James Debney to Danielle Sanville re: "New Zealand hunt 2018". | Object — exclude | Irrelevant to any pleaded decision (FRE 401–402) and offered for an improper character inference (FRE 404(a)(1), 404(b)(1)); any marginal value is outweighed by unfair prejudice (FRE 403). |

| Exhibit | Description | Objection | Basis for Objection |
|---|---|---|---|
| GT 96 | 8/26/2017 Email chain, top email from Deana McPherson to Jeff Buchanan re: "GemTech DOA". | Object — limit to purpose (FRE 105) | An opposing-party statement under FRE 801(d)(2)(D), but general pessimism about earn-out prospects is not evidence of decision-specific knowledge or intent, and receipt should be limited accordingly (FRE 105, 401–403). |
| GT 99 | 8/29/2017 Email from Ron Martinez to Hope Sholes re: "BEC Meeting presentation," with attached presentation. | Object — limit to purpose (FRE 105) | Admissible only for its effect on the BEC and Debney, not for the truth of the projections (FRE 105, 801(c), 802); cumulative of GT 218 (FRE 403), and the presented version must be established (FRE 1002, 106). |
| GT 105 | 9/7/2017 Email chain, top email from Ron Martinez to Joe Bergeron re: "Milipol Show Paris France". | Object — limit to purpose (FRE 105) | Bears on conduct outside the pleaded § 1.6(c) decisions and is admissible, if at all, only as circumstantial evidence of intent, not as an independent breach (FRE 105, 401–403). |
| GT 107 | 9/8/2017 Email chain re: "Re: Review and Ron" between Robert Cicero and Kathy Salvador (production copy SW803618). | Object — duplicate (FRE 403, 1003) | Duplicate of GT 106; only one version should be received (FRE 403, 1003). |
| GT 114 | 9/12/2017 Email from Jason Pace to Ron Martinez re: "Ability to sell". | Object — limit to purpose (FRE 105) | Pace's statements are hearsay when Gemtech offers them for truth (FRE 802), and any lost-sales opinion lacks personal knowledge (FRE 602, 701); receipt should be limited (FRE 105). |
| GT 117 | 9/13/2017 Email from Andrew Fulmer to Theodore Hollo (KPMG) and others re: "Gemtech files," with attachments (Board presentation, financial models, APA). | Object — limit to purpose (FRE 105) | An S&W transmittal is a party statement, but 194 pages of KPMG files are cumulative and require page designations (FRE 106, 403); KPMG's statements are not S&W admissions absent adoption (FRE 801(d)(2)(C)). |
| GT 118 | 9/13/2017 Gemini Technologies, Inc. 2015 Amended U.S. Corporation Income Tax Return, with transmittal letter from Jeffrey A. Beebe, CPA. | Object — limit to purpose (FRE 105) | Gemtech's amended return is hearsay when Gemtech offers it for truth (FRE 802) and needs a foundation (FRE 803(6), 902(11)); two versions of the 2015 return risk confusion (FRE 403, 1002). |
| GT 121 | 9/15/2017 Email chain, top email from Hope Sholes to Daniel Nakashima re: "Transfer Process". | Object — limit to purpose (FRE 105) | Bears on conduct outside the pleaded § 1.6(c) decisions and is admissible, if at all, only as circumstantial evidence of intent, not as an independent breach (FRE 105, 401–403). |
| GT 128 | 9/19/2017 Qualitative Discussions. | Object — limit to purpose (FRE 105) | Authorship of the notes has not been established (FRE 901), and KPMG's statements are hearsay unless S&W adopted or authorized them (FRE 801(d)(2)(B), 802); receipt should be limited (FRE 105). |
| GT 131 | 9/21/2017 Email from Paul Levitsky to Ron Martinez re: "AntiTrust Training Class". | Object — relevance/undue prejudice (FRE 402/403) | Little or no probative value on any pleaded § 1.6(c) decision, and admission would be cumulative or waste time (FRE 401–403); Gemtech should identify a proper purpose before offer. |
| GT 134 | 9/25/2017 Email from Jake Kunsky to Dan Fontaine re: "Shop Equipment List Current / Needs". | Object — limit to purpose (FRE 105) | Bears on conduct outside the pleaded § 1.6(c) decisions and is admissible, if at all, only as circumstantial evidence of intent, not as an independent breach (FRE 105, 401–403). |
| GT 138 | 9/27/2017 Email chain, top email from Mark Thompson to Jake Kunsky and Blake Young re: "Gemtech Marketing question regarding pre-production item" (4:47 p.m.). | Object — limit to purpose (FRE 105) | Bears on conduct outside the pleaded § 1.6(c) decisions and is admissible, if at all, only as circumstantial evidence of intent, not as an independent breach (FRE 105, 401–403). |
| GT 139 | 9/28/2017 Email from James Debney to Daniel McDonough and Robert Cicero forwarding Jason Pace's 9/28/2017 email re: "Jason Pace". | Object — limit to purpose (FRE 105) | Pace's own words are a party statement, but the rumor he reports comes from unidentified declarants and is inadmissible for its truth (FRE 802, 805); receipt should be limited to timing and effect on the listener (FRE 105), with completion under FRE 106. |

| Exhibit | Description | Objection | Basis for Objection |
|---|---|---|---|
| GT 144 | 10/3/2017 Email chain, top email from Jeff Buchanan to Liz Sharp, Matt Buckingham and others re: "Media - Suppressors - WSJ". | Object — limit to purpose (FRE 105) | An opposing-party statement under FRE 801(d)(2)(D), but general pessimism about earn-out prospects is not evidence of decision-specific knowledge or intent, and receipt should be limited accordingly (FRE 105, 401–403). |
| GT 146 | 10/5/2017 Email from Kathy Zilaro to Mark Thompson re: "FW: MRKAS CO". | Object — limit to purpose (FRE 105) | S&W employees' statements are party admissions, but statements of Gemtech personnel in the chain are hearsay for their truth (FRE 802, 805); receipt should be limited to a non-truth purpose (FRE 105). |
| GT 151 | 10/25/2017 Email from Kathy Zilaro to Mark Thompson re: "FW: Gemtech Weekly Status Memo-Lines of Credit". | Object — relevance/undue prejudice (FRE 402/403) | Little or no probative value on any pleaded § 1.6(c) decision, and admission would be cumulative or waste time (FRE 401–403); Gemtech should identify a proper purpose before offer. |
| GT 152 | 10/26/2017 Email chain, top email from Daniel McDonough to Kathy Salvador and others re: "Lance Henning Resignation and exit information". | Object — limit to purpose (FRE 105) | Henning's post-resignation statements are not S&W admissions (FRE 801(d)(2)(D)) and are hearsay for their truth (FRE 802, 805); no residual-exception notice has been given (FRE 807(b)). |
| GT 155 | 11/7/2017 Email from Gina Drocz (KPMG) to Kyle Carter re: "GemTech ASC 805 Draft Analysis," with attached draft valuation schedules. | Object — limit to purpose (FRE 105) | KPMG's statements are hearsay unless S&W adopted or authorized them (FRE 801(d)(2)(B)–(C), 802), and draft valuations are cumulative of the final report (FRE 403); receipt should be limited (FRE 105). |
| GT 157 | 11/27/2017 Email from Gina Drocz (KPMG) to Kyle Carter and others re: "GemTech ASC 805 Draft Report," with attached draft narrative report and schedules (draft 11/27/2017). | Object — limit to purpose (FRE 105) | KPMG's statements are hearsay unless S&W adopted or authorized them (FRE 801(d)(2)(B)–(C), 802), and draft valuations are cumulative of the final report (FRE 403); receipt should be limited (FRE 105). |
| GT 158 | 12/7/2017 American Outdoor Brands Corporation Form 10-Q for the quarter ended October 31, 2017. | Object — limit to purpose (FRE 105) | A party statement subject to judicial notice (FRE 201, 801(d)(2)), but financial-reporting disclosures are circumstantial evidence of intent at most and not independent breaches (FRE 105, 403). |
| GT 159 | 12/20/2017 Email from Daniel McDonough to Andrew Fulmer re: "RE: Can you send me Thompson's updated severance agreement?". | Object — relevance/undue prejudice (FRE 402/403) | Little or no probative value on any pleaded § 1.6(c) decision, and admission would be cumulative or waste time (FRE 401–403); Gemtech should identify a proper purpose before offer. |
| GT 163 | 1/12/2018 Email from Mark Thompson to Daniel McDonough, Robert Cicero, and others re: "RE: Reminder - FY19 Budgets due January 12th". | Object — completeness (FRE 106, 1002); limit to purpose (FRE 105) | The email transmits an FY19 budget that is not included, so the exhibit is incomplete (FRE 106); the budget's contents may not be proved through the email or testimony (FRE 1002). |
| GT 167 | 1/23/2018 Email chain, top email from Brenden Boucher to Deana McPherson re: "Noncompete for Gemtech". | Object — limit to purpose (FRE 105) | An opposing-party statement under FRE 801(d)(2)(D), but general pessimism about earn-out prospects is not evidence of decision-specific knowledge or intent, and receipt should be limited accordingly (FRE 105, 401–403). |
| GT 169 | 1/24/2018 Complaint and Demand for Jury Trial (Dkt. 1). | Object — not substantive evidence; allow limited purpose (FRE 105) | Gemtech's own pleading is not substantive evidence when Gemtech offers it (FRE 802); it may be noticed for procedural history only (FRE 201). |
| GT 170 | 1/24/2018 American Outdoor Brands Corporation memorandum to file re: "Gemtech Purchase Valuation Schedules". | Object — limit to purpose (FRE 105) | An opposing-party statement under FRE 801(d)(2)(D), but general pessimism about earn-out prospects is not evidence of decision-specific knowledge or intent, and receipt should be limited accordingly (FRE 105, 401–403). |
| GT 171 | 1/24/2018 Email from Kathleen Salvador to Shaun Phelan, Sue Cupero, Hope Sholes, and Jeremy Beu re: "Gemtech" and RIF Planning Process. | Object — limit to purpose (FRE 105); completeness reserved (FRE 106) | Party statement admissible only on the pleaded decision it concerns (FRE 105, 401–403); the exhibit appears to include only blank planning forms, and S&W reserves completion under FRE 106. |

| Exhibit | Description | Objection | Basis for Objection |
|---|---|---|---|
| GT 175 | 3/1/2018 American Outdoor Brands Corporation Form 10-Q for the quarter ended January 31, 2018. | Object — limit to purpose (FRE 105) | A party statement subject to judicial notice (FRE 201, 801(d)(2)), but financial-reporting disclosures are circumstantial evidence of intent at most and not independent breaches (FRE 105, 403). |
| GT 176 | 3/16/2018 Gemini Technologies, Inc. 2017 U.S. Corporation Income Tax Return (Form 1120). | Object — limit to purpose (FRE 105) | Gemtech's own returns are hearsay when Gemtech offers them for their truth (FRE 802) and require a custodian or certification (FRE 803(6), 902(11)); pre-closing tax years outside the earn-out period have limited relevance (FRE 401–403). |
| GT 177 | 4/13/2018 Email from Dan Fontaine to Shaun Phelan, cc Mark Smith, re: "Gemtech Discontinued SKU's". | Object — limit to purpose (FRE 105) | Bears on conduct outside the pleaded § 1.6(c) decisions and is admissible, if at all, only as circumstantial evidence of intent, not as an independent breach (FRE 105, 401–403). |
| GT 180 | 6/20/2018 Email chain, top email from Gina Drocz (KPMG) to Brenden Boucher re: "Final Valuation Reports - Bubba Blade, Gemtech, Goodwill 2018," with attached final valuation reports. | Object — limit to purpose (FRE 105) | KPMG's report is third-party hearsay unless adopted by S&W (FRE 801(d)(2)(B), 802); 190 pages covering unrelated businesses require designation of the Gemtech portions (FRE 403), and lay witnesses may not give valuation opinions (FRE 701). |
| GT 181 | 6/20/2018 American Outdoor Brands Corporation Form 10-K for the fiscal year ended April 30, 2018. | Object — limit to purpose (FRE 105) | A party statement subject to judicial notice (FRE 201, 801(d)(2)), but financial-reporting disclosures are circumstantial evidence of intent at most and not independent breaches (FRE 105, 403). |
| GT 184 | 6/27/2018 Retention Letter re Mark Weiss. | Object — relevance/undue prejudice (FRE 402/403) | A third-party employee's retention letter has no bearing on any pleaded decision and implicates privacy interests (FRE 401–403). |
| GT 185 | 6/27/2018 Retention Letter re Anthony Carlson. | Object — relevance/undue prejudice (FRE 402/403) | A third-party employee's retention letter has no bearing on any pleaded decision and implicates privacy interests (FRE 401–403). |
| GT 188 | 7/7/2018 Email from Philip H. Dater to Ron Martinez re: "s&w". | Object — exclude | Dater's statement is hearsay within hearsay as Gemtech offers it (FRE 802, 805), and Dater lacked personal knowledge of post-acquisition operations (FRE 602, 701); his deposition is the admissible source (FRE 804(b)(1); FRCP 32(a)(4)), and no FRE 807(b) notice has been given. |
| GT 190 | 8/30/2018 American Outdoor Brands Corporation Form 10-Q for the quarter ended July 31, 2018. | Object — limit to purpose (FRE 105) | A party statement subject to judicial notice (FRE 201, 801(d)(2)), but financial-reporting disclosures are circumstantial evidence of intent at most and not independent breaches (FRE 105, 403). |
| GT 191 | 9/27/2018 Email from Robert Cicero to Mark Thompson re: "Re: My departure from Gemtech/S&W". | Object — privilege (protective; FRE 502(d)) | Communication involving S&W's counsel for which privilege is preserved under the Court's FRE 502(d) orders (FRE 501, 502(d)); S&W objects pending privilege review (FRCP 26(b)(5)(B)). |
| GT 192 | 12/6/2018 American Outdoor Brands Corporation Form 10-Q for the quarter ended October 31, 2018. | Object — limit to purpose (FRE 105) | A party statement subject to judicial notice (FRE 201, 801(d)(2)), but financial-reporting disclosures are circumstantial evidence of intent at most and not independent breaches (FRE 105, 403). |
| GT 194 | 3/7/2019 American Outdoor Brands Corporation Form 10-Q for the quarter ended January 31, 2019. | Object — limit to purpose (FRE 105) | A party statement subject to judicial notice (FRE 201, 801(d)(2)), but financial-reporting disclosures are circumstantial evidence of intent at most and not independent breaches (FRE 105, 403). |
| GT 196 | 6/19/2019 American Outdoor Brands Corporation Form 10-K for the fiscal year ended April 30, 2019. | Object — limit to purpose (FRE 105) | A party statement subject to judicial notice (FRE 201, 801(d)(2)), but financial-reporting disclosures are circumstantial evidence of intent at most and not independent breaches (FRE 105, 403). |

| Exhibit | Description | Objection | Basis for Objection |
|---|---|---|---|
| GT 197 | 8/29/2019 American Outdoor Brands Corporation Form 10-Q for the quarter ended July 31, 2019. | Object — limit to purpose (FRE 105) | A party statement subject to judicial notice (FRE 201, 801(d)(2)), but financial-reporting disclosures are circumstantial evidence of intent at most and not independent breaches (FRE 105, 403). |
| GT 198 | 11/20/2019 Email from Joe DeJessa to Anthony Proto and others re: "Plan for Discontinued Gemtech Product". | Object — limit to purpose (FRE 105) | Bears on conduct outside the pleaded § 1.6(c) decisions and is admissible, if at all, only as circumstantial evidence of intent, not as an independent breach (FRE 105, 401–403). |
| GT 199 | 12/5/2019 American Outdoor Brands Corporation Form 10-Q for the quarter ended October 31, 2019. | Object — limit to purpose (FRE 105) | A party statement subject to judicial notice (FRE 201, 801(d)(2)), but financial-reporting disclosures are circumstantial evidence of intent at most and not independent breaches (FRE 105, 403). |
| GT 200 | 1/28/2020 Email from Derek Topulos to Richard Brohman re: "RE: FW: S&W / Gemtech open orders". | Object — limit to purpose (FRE 105) | Bears on conduct outside the pleaded § 1.6(c) decisions and is admissible, if at all, only as circumstantial evidence of intent, not as an independent breach (FRE 105, 401–403). |
| GT 201 | 3/5/2020 Smith & Wesson Brands, Inc. Form 10-Q for the quarter ended January 31, 2020. | Object — limit to purpose (FRE 105) | A party statement subject to judicial notice (FRE 201, 801(d)(2)), but financial-reporting disclosures are circumstantial evidence of intent at most and not independent breaches (FRE 105, 403). |
| GT 202 | 4/28/2020 Email chain, top email from Luc Hardyn to Tony Miele re: "Concerns regarding 12118 ONE production". | Object — limit to purpose (FRE 105) | Bears on conduct outside the pleaded § 1.6(c) decisions and is admissible, if at all, only as circumstantial evidence of intent, not as an independent breach (FRE 105, 401–403). |
| GT 203 | 5/4/2020 Email chain, top email from Jeff Buchanan to Deana McPherson re: "Bad Debt Approvals-Arsenal". | Object — limit to purpose (FRE 105) | Bears on conduct outside the pleaded § 1.6(c) decisions and is admissible, if at all, only as circumstantial evidence of intent, not as an independent breach (FRE 105, 401–403). |
| GT 204 | 6/19/2020 Smith & Wesson Brands, Inc. Form 10-K for the fiscal year ended April 30, 2020. | Object — limit to purpose (FRE 105) | A party statement subject to judicial notice (FRE 201, 801(d)(2)), but financial-reporting disclosures are circumstantial evidence of intent at most and not independent breaches (FRE 105, 403). |
| GT 205 | 6/22/2020 Email chain, top email from Anthony Proto to Scott Ignachuck re: "Aurora-11 production". | Object — limit to purpose (FRE 105) | Bears on conduct outside the pleaded § 1.6(c) decisions and is admissible, if at all, only as circumstantial evidence of intent, not as an independent breach (FRE 105, 401–403). |
| GT 206 | 9/30/2020 First Amended Complaint and Demand for Jury Trial (Dkt. 54). | Object — not substantive evidence | Gemtech's own pleading is not substantive evidence when Gemtech offers it (FRE 802); it may be noticed for procedural history only (FRE 201). |
| GT 207 | 1/19/2024 Plaintiff's First Amended Initial Disclosures. | Object — exclude | Gemtech's own disclosures are not substantive evidence when Gemtech offers them (FRE 802) and are irrelevant to any fact the Court must decide at trial (FRE 401–403). |
| GT 208 | 2/2/2024 Second Amended Complaint and Demand for Jury Trial (Dkt. 163). | Object — not substantive evidence; allow limited purpose (FRE 105) | Gemtech's own pleading is not substantive evidence when Gemtech offers it (FRE 802); it may be noticed for procedural history only (FRE 201). |
| GT 209 | 6/20/2024 Email chain, top email from Daniel Nakashima to Zachery McCraney re: "Subpoena to Testify". | Object — exclude | Litigation correspondence about a subpoena is irrelevant to any pleaded decision (FRE 401–402) and invites unfair inference and waste of time (FRE 403); the statements are hearsay for their truth (FRE 802). |

| Exhibit | Description | Objection | Basis for Objection |
|---|---|---|---|
| GT 210 | 6/20/2024 South Litigation Consulting, LLC (Thomas J. South), Report on Modeling. | Object as exhibit — live expert testimony only | An expert report is hearsay and not substantive evidence (FRE 801(c), 802); opinions must come through live testimony satisfying FRE 702, and the report may be used only as an illustrative aid (FRE 107). |
| GT 211 | 6/21/2024 The GEC Group (Matthew J. Murdock), Analysis of Plaintiff's Economic Loss. | Object as exhibit — live expert testimony only | An expert report is hearsay and not substantive evidence (FRE 801(c), 802); opinions must come through live testimony satisfying FRE 702, and the report may be used only as an illustrative aid (FRE 107). |
| GT 212 | 7/17/2025 Letter from Alexandria Pro-Fab. | Object — exclude | A third-party letter prepared during litigation is hearsay (FRE 802) outside the business-records exception (FRE 803(6)) and is unauthenticated and uncertified (FRE 901, 902(11)); untimely disclosure warrants exclusion (FRCP 37(c)(1)). |
| GT 213 | 7/22/2025 The GEC Group (Matthew J. Murdock), Rebuttal Report to Jeffrey S. Pickett. | Object as exhibit — live expert testimony only | An expert report is hearsay and not substantive evidence (FRE 801(c), 802); opinions must come through live testimony satisfying FRE 702, and the report may be used only as an illustrative aid (FRE 107). |
| GT 214 | 7/22/2025 The GEC Group (Matthew J. Murdock), Rebuttal Report to Hank Yacek. | Object as exhibit — live expert testimony only | An expert report is hearsay and not substantive evidence (FRE 801(c), 802); opinions must come through live testimony satisfying FRE 702, and the report may be used only as an illustrative aid (FRE 107). |
| GT 218 | [c. 8/30/2017] "Executive Review of International Sales Potential" PowerPoint presentation (printed). | Object — limit to purpose (FRE 105) | Martinez's sales-potential projections are hearsay for their truth and lack foundation (FRE 802, 701(c), 702); the deck is admissible only to show what was presented to the BEC (FRE 105), and the version presented must be established (FRE 1002, 106). |
| GT 219 | [c. 9/2017] "Strategic Update" presentation slides for September Board meeting (incl. "Acquisition Models versus Actual Results"). | Object — limit to purpose (FRE 105) | An opposing-party statement under FRE 801(d)(2)(D), but general pessimism about earn-out prospects is not evidence of decision-specific knowledge or intent, and receipt should be limited accordingly (FRE 105, 401–403). |
| GT 221 | 10/9/2016–12/7/2017 Text messages between Ron Martinez and Matt Buckingham. | Object — wholesale admission; page designations only; allow limited purpose (FRE 105) | Martinez's texts are hearsay when Gemtech offers them for truth (FRE 802), and authorship and accurate extraction must be shown (FRE 901(b)(1), 901(b)(4); 902(13)–(14)); 31 pages warrant joint page designations (FRE 106), and any receipt should be limited to a non-truth purpose (FRE 105). |
| GT 222 | 11/2009–1/2020 James Debney personnel file. | Object — exclude | A personnel file is irrelevant to any pleaded decision (FRE 401–402), invites improper character inferences (FRE 404(a)(1), 404(b)(1)), and discloses confidential compensation information with prejudice outweighing any value (FRE 403). |
| GT 223 | n.d. Small Arms Review magazine interview of Dr. Philip H. Dater. | Object — exclude | An undated magazine interview offered for truth is hearsay, and multiple hearsay where paraphrased (FRE 802, 805); FRE 902(6) establishes only the periodical's genuineness, and Dater's deposition is the more probative evidence (FRE 807(a)). |
| GT 224 | n.d. Rick Vasquez Firearms, LLC, Consulting Services Report (Richard Vasquez). | Object as exhibit — live expert testimony only | An expert report is hearsay and not substantive evidence (FRE 801(c), 802); opinions must come through live testimony satisfying FRE 702, and the report may be used only as an illustrative aid (FRE 107). |
| GT 225 | Various employee records for Jake Kunsky. | Object — relevance/undue prejudice (FRE 402/403) | An employee's personnel records have little relevance to any pleaded decision and implicate privacy interests (FRE 401–403); any admitted pages should be redacted. |

| Exhibit | Description | Objection | Basis for Objection |
|---|---|---|---|
| GT 226 | Deposition of Andrew Fulmer dated June 5, 2024. | Object as exhibit — Rule 32 designations only | A deposition transcript is not a trial exhibit; testimony must come in by live examination or by designations under FRCP 32(a), subject to counter-designation (FRCP 32(a)(6); FRE 106). |
| GT 227 | Deposition of Matt Buckingham dated June 11, 2024. | Object as exhibit — Rule 32 designations only | A deposition transcript is not a trial exhibit; testimony must come in by live examination or by designations under FRCP 32(a), subject to counter-designation (FRCP 32(a)(6); FRE 106). |
| GT 228 | Deposition of James Debney dated June 13, 2024. | Object as exhibit — Rule 32 designations only | A deposition transcript is not a trial exhibit; testimony must come in by live examination or by designations under FRCP 32(a), subject to counter-designation (FRCP 32(a)(6); FRE 106). |
| GT 229 | Deposition of Mark Smith dated June 14, 2024. | Object as exhibit — Rule 32 designations only | A deposition transcript is not a trial exhibit; testimony must come in by live examination or by designations under FRCP 32(a), subject to counter-designation (FRCP 32(a)(6); FRE 106). |
| GT 230 | Deposition of Jeffrey D. Buchanan dated June 28, 2024. | Object as exhibit — Rule 32 designations only | A deposition transcript is not a trial exhibit; testimony must come in by live examination or by designations under FRCP 32(a), subject to counter-designation (FRCP 32(a)(6); FRE 106). |
| GT 231 | Deposition of Daniel McDonough dated July 11 and July 12, 2024. | Object as exhibit — Rule 32 designations only | A deposition transcript is not a trial exhibit; testimony must come in by live examination or by designations under FRCP 32(a), subject to counter-designation (FRCP 32(a)(6); FRE 106). |
| GT 232 | Deposition of Philip Dater dated September 8, 2023. | Object as exhibit — Rule 32 designations only | A deposition transcript is not a trial exhibit; testimony must come in by live examination or by designations under FRCP 32(a), subject to counter-designation (FRCP 32(a)(6); FRE 106). |
| GT 233 | Deposition of Jason Pace dated May 30, 2024. | Object as exhibit — Rule 32 designations only | A deposition transcript is not a trial exhibit; testimony must come in by live examination or by designations under FRCP 32(a), subject to counter-designation (FRCP 32(a)(6); FRE 106). |
| GT 234 | Deposition of Mark Thompson dated June 26, 2024. | Object as exhibit — Rule 32 designations only | A deposition transcript is not a trial exhibit; testimony must come in by live examination or by designations under FRCP 32(a), subject to counter-designation (FRCP 32(a)(6); FRE 106). |
| GT 235 | Deposition of Jake Kunsky dated July 10, 2024. | Object as exhibit — Rule 32 designations only | A deposition transcript is not a trial exhibit; testimony must come in by live examination or by designations under FRCP 32(a), subject to counter-designation (FRCP 32(a)(6); FRE 106). |
| GT 236 | Deposition of Daniel Nakashima dated July 14, 2024. | Object as exhibit — Rule 32 designations only | A deposition transcript is not a trial exhibit; testimony must come in by live examination or by designations under FRCP 32(a), subject to counter-designation (FRCP 32(a)(6); FRE 106). |